# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-3625

_____

Julia Correia

*Plaintiff - Appellant*

v.

Glenn Jones, Individually, and in his official capacity as Chancelor of Henderson State University

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: September 25, 2019
Filed: November 27, 2019

_____

Before SMITH, Chief Judge, BEAM and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Julia Correia sued Glenn Jones, the President of Henderson State University, for employment discrimination following her termination. The district court[1] granted

---

[1]The Honorable P.K. Holmes III, United States District Judge for the Western District of Arkansas.

Jones's motion for summary judgment. Concluding that Correia was an at-will employee at the time of her termination, we affirm.

## I. Background

Julia Correia worked at Henderson State University ("Henderson") as the Coordinator of the Center for Language Proficiency ("Center") and Instructor of the English as a Second Language ("ESL") program. Every year, including the 2013–2014 fiscal year, Correia entered into a year-long employment contract. Her 2013–2014 contract expired on June 30, 2014, and was not renewed.

In May 2014, Henderson's Board of Trustees passed a budget including Correia's name, title, and position. In June 2014, Glenn Jones, Henderson's President, received a whistleblower tip alleging mismanagement at the Center. After an unofficial audit verified the allegation, Arkansas's Legislative Joint Auditing Committee ("LJAC") conducted a formal audit. Correia was placed on paid administrative leave on July 7. On October 3, Henderson closed the Center, and Correia's contract was not renewed.

On December 16, 2014, LJAC's audit report became public information. That morning, Jones sent an email to all Henderson staff and faculty and encouraged them to review an attached copy of the report. Local news articles quoted Jones and included findings from the report. Correia does not dispute many of the report's findings and agrees that the report was the result of an independent investigation, not the work of anyone at Henderson.

Correia requested a name-clearing hearing on August 15, 2017. On August 22, Correia filed a complaint under 42 U.S.C. § 1983 and the Arkansas Civil Rights Act of 1993. Competing motions for summary judgment were made by Correia and Jones. Finding Jones entitled to qualified immunity, the district court denied Correia's

motion, granted Jones's motion, and dismissed Correia's state law claims without prejudice. Correia appeals.[2]

## II.    Discussion

We review the district court's grant of summary judgment *de novo*, viewing the record in the light most favorable to the nonmoving party. Meier v. St. Louis, 934 F.3d 824, 827 (8th Cir. 2019). Summary judgment is only appropriate if there is no genuine dispute as to any material fact, and "the moving party is entitled to judgment as a matter of law." Id. at 827–28.

Correia argues that the district court erred in determining Jones was entitled to qualified immunity. "Qualified immunity shields officials from civil liability in § 1983 actions when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Mogard v. City of Milbank, 932 F.3d 1184, 1188 (8th Cir. 2019) (cleaned up). "Qualified immunity analysis requires courts to determine whether (1) the plaintiff has alleged or shown a violation of a constitutional right, and (2) the right was clearly established at the time of the defendants' alleged misconduct." Id. (citing Nord v. Walsh Cty., 757 F.3d 734, 738 (8th Cir. 2014)). If Correia is unable to satisfy both prongs, Jones is entitled to qualified immunity. See id.

### A.    At-Will Employee

To succeed on her claims, Correia must prove she was deprived of "'a property right in continued employment' without due process." Floyd–Gimon v. Univ. of Ark. for Med. Sci. ex rel. Bd. of Tr. of Univ. of Ark., 716 F.3d 1141, 1146 (8th Cir. 2013) (quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985)). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must,

---

[2]We grant Jones's motion to supplement the record on appeal.

instead, have a legitimate claim of entitlement to it." Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972).

Correia's property rights depend on state law. Floyd–Gimon, 716 F.3d at 1146. "In Arkansas, employment is 'at-will' unless the employment is for a fixed term or unless an employee handbook contains 'an *express provision* against termination except for cause.'" Eddings v. City of Hot Springs, 323 F.3d 596, 601 (quoting Gladden v. Ark. Children's Hosp., 728 S.W.2d 501, 505 (Ark. 1987)). The 2013 Henderson faculty handbook included no express provision for non-tenure-track personnel like Correia.

Correia contends that, by passing a proposed budget including her name, title, and salary, the Henderson Board of Trustees created an employment contract with her for 2014–2015. The Seventh Circuit rejected a similar argument in Malcak v. Westchester Park District, and we do so as well. 754 F.2d 239, 244 (7th Cir. 1985) ("We hold that the automatic inclusion of the plaintiff's salary in the annual budget did not create a contract for year-to-year employment.") Because her contract ended on June 30, 2014, Correia was an at-will employee with only "a unilateral expectation of continued employment, insufficient to entitle [her] to due process protection." Hogue v. Clinton, 791 F.2d 1318, 1324–25 (8th Cir. 1986); see Eddings, 323 F.3d at 601.

### B.    *Liberty Interest in Reputation*

Correia next claims that she has a protected liberty interest in her reputation, which entitled her to a name-clearing hearing. "At-will, public employees generally have no liberty interest in continued employment." Mogard, 932 F.3d at 1190. "An exception to this general rule exists where a state employer creates and disseminates a false and defamatory impression about the at-will employee in connection with the discharge." Id. (quoting Speer v. City of Wynne, 276 F.3d 980, 984 (8th Cir. 2002). To establish a deprivation of a liberty interest, Correia must show that: "(1)[s]he was stigmatized by the statements; (2) those statements were made public by the

administrators; and (3) [s]he denied the stigmatizing statements." Id. (quoting Rush v. Perryman, 579 F.3d 908, 913 (8th Cir. 2009)).

The right to a name-clearing hearing is triggered where a "public employer makes stigmatizing allegations, in connection with the employee's discharge, in any official or intentional manner." Id. (cleaned up). "The stigma must be significant, and it usually involves allegations of dishonesty, immorality, racism, or a similar character-demeaning charge." Crews v. Monarch Fire Prot. Dist., 771 F.3d 1085, 1092 (8th Cir. 2014) (quoting Howard v. Columbia Pub. Sch. Dist., 363 F.3d 797, 802 (8th Cir. 2004)). "We have distinguished claims of general misconduct or unsatisfactory performance from claims involving *direct* dishonesty, immorality, criminality or racism." Id. (quotation omitted).

Correia asserts that Jones identified her as a person who has misused state property by attaching the audit report to his email and commenting in newspaper articles. Correia's complaints are with LJAC's audit report, not Jones's statements. Jones did not write the audit report or the newspaper articles. None of Jones's quotes in the articles identified or discussed Correia, focusing instead on the audit process. While Jones wrote the email to Henderson faculty and staff, it contained no direct references to Correia other than stating that the Center's director and the assistant director were no longer with Henderson. These are not direct claims of dishonesty, immorality, or criminality. Jones did not "purport[] to assess independently the character or conduct of" Correia. Crews, 771 F.3d at 1093. Correia presented no evidence of Jones directly accusing her of stealing or mismanagement. See id.

Any claims that Correia was stigmatized by innuendo or Jones's commenting on any part of the audit report also fail. See Shands v. City of Kennett, 993 F.2d 1337, 1348 (8th Cir. 1993) ("In analyzing plaintiffs' claim that they were stigmatized by innuendo, we focus primarily on the evidence concerning what the city officials actually told [reporter], not on what [reporter] wrote."). Without "evidence that would generate genuine questions of fact concerning the existence of defamatory statements or the source of any such statements," Eddings, 323 F.3d at 601–02, Correia cannot

show that she was stigmatized by Jones's statements. Correia failed to establish that she was deprived of a protected liberty interest in her reputation.

As stated above, Correia failed to show a protected property interest in her continued employment. She also failed to establish a violation of a protected liberty interest. Because Correia cannot demonstrate a constitutional violation, Jones is entitled to qualified immunity.

## III.  Conclusion

Accordingly, we affirm.

_____