JOSEPHINE LINKER HART, Associate Justice 11 This interlocutory appeal arises from a lawsuit filed pursuant to the Arkansas Whistle-Blower Act and state and federal civil rights claims. Charles Smith, in his official capacity as the Administrator of the Arkansas State Hospital (State Hospital) and Betty Mains in her individual capacity appeal from the denial of their motion for summary judgment. The circuit court found that Gloria Daniel’s claim for retaliation was not barred by sovereign immunity and that the remaining defendants in the lawsuit are not entitled to qualified immunity. On appeal, appellants argue: (1) the Circuit Court erred in denying the appellants’ motion for summary judgment based on sovereign immunity; and (2) the Circuit Court erred in denying the appellants’ motion for summary judgment based on 12qualified/statutory immunity grounds. We affirm in part; reverse in part; and remand. Daniel was fired from her position as a registered nurse at the State Hospital thirteen months after she reported to Charles Smith, the Director of Behavioral Health Services and others that a patient’s death was attributable to abuse or neglect and the failure of the hospital to have present basic life-saving equipment. The purported reason for terminating Daniel was that she violated the seclusion/restraint policies for a patient and for making “unprofessional” comments. Daniel filed suit, asserting claims under the Arkansas Whistle-Blower Act, the Arkansas Civil Rights Act, 42 U.S.C. § 1983, and 42 U.S.C. § 1981.[1] In the body of her third amended complaint, in the paragraph styled “PARTIES AND JURISDICTION,” Daniel recited the following: Plaintiff is a black female resident and citizen of the State of Arkansas, who formerly worked for the Department of Human Services AND DEPARTMENT OF BEHAVIORAL SCIENCES at the Arkansas State Hospital, an instrumentality of the State of Arkansas. Charles Smith is the Administrator of the Arkansas State Hospital, who is sued in his official capacity only under the Whistle-blower’s Act [sic]. Charles Smith, James Scoggins, Bryan Hall, and Betty Mains were employees who participated in the decision to terminate the Plaintiff because she is black and female, and each is sued in their individual capacity. This is an action also brought for termination in violation of the ACRA and the Arkansas Whistleblower’s Act. But this action brought under the ACRA, 42 USC 1983 and 42USC 1981 only against the individual Defendants. Accordingly, this Court has subject matter jurisdiction. Venue is proper. To the extent not otherwise dismissed by the Court, the previous Complaints are incorporated by reference. Appellants’ summary judgment motion recited that it was seeking relief for “Charles |sSmith, in his official capacity, and Betty Mains, in her official and individual capacities.[2]” It alleged the following: 1. The Third Amended Complaint fails to state sufficient facts as required by the Arkansas Rules of Civil Procedure to allow the lawsuit to continue. 2. The Whistle-Blower Act does not provide for the claim against Smith or Mains in any capacity. 3. Any Whistle-Blower Act claim against Mains is time-barred 4. There are no pending individual claims against Smith. 5. The official capacity Arkansas Civil Rights Act claims are barred by sovereign immunity. 6. ACRA does not provide for discrimination claims against state actors. 7. The ACRA retaliation claims are barred by statutory immunity. 8. There was no causal connection between Daniel’s “report” to Smith and her termination. 9. Defendants are protected by sovereign and statutory immunity from Daniel’s discrimination and retaliation claims. In its December 31, 2013 order, the circuit court dismissed the Whistle-Blower claim against Maims and all individual-capacity claims against Smith'. It denied summary judgment for the Whistle-Blower claim against Smith in his official capacity, denied qualified immunity to any defendant, and, after acknowledging that it had considered all of the other arguments submitted by the Defendants denied summary judgment as to each argument. On appeal, appellants first argue that the circuit court erred in denying the appellants’ 14motion for summary judgment based on sovereign immunity. They acknowledge that a suit against a state official in his or her official capacity is “not a suit against that person, but rather is a suit against that official’s office.” Appellants further note that the Arkansas Whistle-Blower Act contemplates suits only against a “public employer,” not an individual.[3] While appellants concede that the Arkansas Whistle-Blower Act “implies a waiver of immunity as to ‘an agency, department, or institution of state government,’ ” it nonetheless asserts that it does not waive immunity in this case because “public employer” does not | Binclude individuals. In an interlocutory appeal from a denial of summary judgment based on sovereign immunity, two standards of review can apply. Ark. Lottery Comm’n v. Alpha Mktg., 2013 Ark. 232, 428 S.W.3d 415. Where the circuit court makes no “substantive interpretations of law,” but instead makes its decision based on whether the pleadings state “sufficient facts for [an] exception to sovereign immunity,” we apply the abuse-of-discretion standard of review. Id. In those instances, we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. Id. However, where the issue is whether a statute provides a waiver of sovereign immunity, our review is de novo, giving no deference to the circuit court’s interpretation of the statute. Weiss v. McLemore, 371 Ark. 538, 268 S.W.3d 897 (2007). The case before us implicates both standards of review. The defense of sovereign immunity originates from the Arkansas Constitution, which provides that “[t]he State of Arkansas shall never be made defendant in any of her courts.” Ark. Const. art. V, § 20. We have recognized three ways in which a claim of sovereign immunity may be waived: (1) where the State is the moving party seeking specific relief; (2) where an act of the legislature has created a specific waiver of sovereign immunity; and (3) where the state agency is acting illegally or if a state agency officer refuses to do a purely ministerial action required by statute. Ark. Dept. of Cmty. Corr. v. City of Pine Bluff, 2013 Ark. 36, 425 S.W.3d 731. A statutory waiver of sovereign immunity may be express or implied. Id. |fiWe agree with appellants that when the legislature authorized a cause of action against a “public employer” in the Arkansas Whistle-Blower Act, it expressly waived sovereign immunity. We likewise agree that a suit against a public official in his or her official capacity is essentially a suit against that official’s agency. See, e.g., Simons v. Marshall, 369 Ark. 447, 255 S.W.3d 838 (2007); Fegans v. Norris, 351 Ark. 200, 89 S.W.3d 919 (2002). We have held that official-capacity suits generally represent a way of pleading a cause of action against the entity of which the officer is an agent. Simons, supra. While it is true that the Arkansas Whistle Blower Act does not directly state that a suit against a director of a state entity is a suit against the public employer, in interpreting a statute, we presume that the legislature is familiar with our decisions. Books-A-Million, Inc. v. Ark. Painting & Specialties Co., 340 Ark. 467, 10 S.W.3d 857 (2000). Accordingly, we hold that the suit against Smith in his official capacity as chief executive officer of the Arkansas State Hospital was in effect a suit against a public employer.[4] We note as well that in the style of |7her complaint, Daniel did name “the Department of Behavioral Sciences serving the Arkansas State Hospital.” Moreover, in full compliance with Rule 9 of the Arkansas Rules of Civil Procedure, Daniel fully pleaded her employment relationship with a public employer — the “Department of Human Services AND DEPARTMENT OF BEHAVIORAL SCIENCES at the Arkansas State Hospital, an instrumentality of the State |sof Arkansas,” as well as Smith in his official capacity. Appellants make no argument why the circuit court, or this court on appeal, should not consider those entities as named plaintiffs and, as such, Daniel’s public employer. We affirm the circuit court on this point. We are mindful that appellants’ summary-judgment motion asserted that “the official capacity Arkansas Civil Rights Act claims are barred by sovereign immunity” and that “Defendants are protected by sovereign and statutory immunity from Daniel’s discrimination and retaliation claims.” We are also mindful that the circuit court makes no specific finding with regard to these assertions. However, we believe that it was appropriate for the circuit court to summarily dispose of these assertions as the “other arguments,” for without an express ruling on an a legitimate issue of sovereign immunity, the State would be precluded from bringing this appeal. Arkansas Lottery Com’n v. Alpha Marketing, 2012 Ark. 23, 386 S.W.3d 400. As we noted previously, the third amended complaint asserted no official capacity claims against any of the defendants under the Arkansas Civil Rights Act. Although, on appeal, appellants correctly note that the State has not waived sovereign immunity for claims brought under the Arkansas Civil Rights Act,[5] this statement is of no moment because, again, it is obvious from the previously quoted PARTIES AND JURISDICTION paragraph in the third amended complaint that the only official capacity claim was asserted under the Arkansas Whistle-Blower Act. The other defendants were sued Icionly in their individual capacity.[6] For their second point, appellants argue that the circuit court erred in denying their motion for summary judgment based on qualified/statutory immunity grounds. They contend that they “acted in good faith in performing their duties;” consequently, they are immune from this lawsuit because they are protected by statutory immunity pursuant to Arkansas Code Annotated section 19-10-305. Appellants further assert that Daniel has not alleged “any specific act “by Smith or Mains[7]” that constitutes malice. Daniel argues that the circuit court properly denied the appellants’ summary-judgment motion because there are material issues of fact with regard to whether the individuals named in her complaint were entitled to qualified immunity. She notes that there is a spoliation issue associated with a video tape that she believes would exonerate her. | tnFurther, she notes that she denied the conduct of which she was accused. Furthermore, she contends that she raised an issue of material fact regarding whether her discharge was pretextual. In support of the latter, she alleges a long history of racial discrimination at the State Hospital. She specifically pointed to the fact that non-African Americans were not terminated after an independent report found them to be responsible for the death of a patient, the incident that gave rise to her cause of action under the Arkansas Whistle-Blower Act. She likewise alleged disparate treatment with regard to similarly situated employees of a different gender. She again specifically cited an independent report concerning a restraint situation in which male nurses engaged in conduct that was more egregious than the conduct that resulted in her termination, i.e., simply closing the door of an agitated patient’s room to allow the patient to sleep. Summary judgment is appropriate when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. Smith v. Brt, 363 Ark. 126, 211 S.W.3d 485 (2005). On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. Id. We view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. Id. Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. Id. In the case before us, all of the factual allegations made by Daniel suggests that racial luand gender animus may exist at the Arkansas State Hospital. However, the Arkansas Civil Rights Act claims against Mains are directed against her in her individual capacity. Nowhere can we find in Daniel’s complaint specific factual allegations against Mains that assert that, she personally acted with malice. Likewise, we can find no proof in the materials that she submitted to oppose the appellants’ summary judgment motion that indicate that she personally acted with malice. Accordingly, we hold that the circuit court erred when it denied the appellant’s summary-judgment motion to dismiss the individual-capacity claims. Affirmed in part; reversed and dismissed in part; and remanded. Hannah, C.J., and Danielson, J., concur in the disposition of the claim under the Arkansas Whistle-Blower Act and dissent from the balance of the opinion. Corbin, J., concurs in part and dissents in part. Baker, Goodson, and Hoofman, JJ., concur in part and dissent in part. . The section 1981 claim was dismissed in the order appealed from and Daniel did not file a cross-appeal. . Smith was the Administrator of the Arkansas State Hospital; Mains was the Assistant Administrator. . The Arkansas Whistle-Blower Act in pertinent part defines "public employer” as: (A)An agency, department, board, commission, division, office, bureau, council, authority, or other instrumentality of the State of Arkansas, including the offices of the various Arkansas elected constitutional officers and the General Assembly and its agencies, bureaus, and divisions; (B) A state-supported college, university, technical college, community college, or other institution of higher education or department, division, or agency of a state institution of higher education; (C) The Supreme Court, the Court of Appeals, the Administrative Office of the Courts, the circuit courts, and prosecuting attorneys' offices; (D) An office, department, commission, council, agency, board, bureau, committee, corporation, or other instrumentality of a county government or a municipality or a district court, a county subordinate service district, a municipally owned utility, or a regional or joint governing body of one (1) or more counties or municipalities; or (E) A public school district, school, or an office or department of a public school district in Arkansas; Ark.Code Ann. § 21-1-602(5) (Repl. 2004). . The dissent cites a federal district court case, Crosby v. Pulaski Technical College Bd. of Trustees, No. 4:06cv 01003SWW, 2007 WL 2750672 (E.D.Ark. Sept. 18, 2007) as authority for its contention that a suit against a "public employer” under the Arkansas Whistle Blower Act is not proper where suit is brought against a department head in his or her official capacity. However, the dissent’s reliance on Crosby is misplaced. There Crosby filed an employment discrimination suit against the Board of Trustees (the Board) of Pulaski Technical College (PTC); Dan Bakke, the President of PTC in his official and individual capacities; and Robert Blackiston, the Chief of Police of PTC in his official and individual capacities. The institution itself was not made a defendant. The complaint alleged that the Board, Blackiston, and Bakke retaliated against him in violation of Title VII and the Arkansas Whistle Blower Act and "deprived him of rights secured by the Constitution and laws of the United States of America, in violation of 42 U.S.C. § 1983. In disposing of Crosby’s claims under the Arkansas Whistle Blower Act, the district court stated: Defendants do not assert that Crosby’s claims against the PTC under the Arkansas Whistle-Blower Act are barred under the Eleventh Amendment. However, the Court finds it necessary to address this important jurisdictional issue sua sponte. Although the Arkansas Whistle-Blower Act provides for citizen suits in state court against a "public employer,” see Ark.Code Ann. § 21-1-604, the State’s general waiver of sovereign immunity is insufficient to waive Eleventh Amendment immunity. A state must specify an intent to subject itself to federal court jurisdiction in order to waive Eleventh Amendment immunity, see Faibisch v. University of Minnesota, 304 F.3d 797, 800 (8th Cir.2002), and after careful review, the Court finds no such provision with respect to the Arkansas Whistle-Blower Act. Furthermore, the Court agrees with Defendants that Blackiston and Bakke are not proper defendants under the Whistle-Blower Act. The Act defines “public employer” as ”[a]n agency, department, board, commission, division, office, bureau, counsel, authority, or other instrumentality of the State of Arkansas ...” Ark. Code Ann. § 21-1-602(5)(A). The definition of “public employer” does not include individuals. In sum, the Court finds that Crosby fails to state a claim for relief under the Arkansas Whistle-Blower Act and that this claim must be dismissed without prejudice. Accordingly, the federal district court found that under the Arkansas Whistle Blower Act suits against the public employer — brought by naming PTC’s Board, President, and Chief of Police — were barred under the Eleventh Amendment, and suits under the Act against those persons in their individual capacities was not authorized by the statute. Obviously, in the case before us, a suit against Smith in his official capacity under the Arkansas Whistle Blower Act in state court was not barred by the Eleventh Amendment prohibition against a state being sued in federal court. Furthermore, it is obvious that the federal district court recognized, as do we, that PTC’s Board, President, and Chief of Police in their official capacities would have been proper defendants as public employers but for the state's immunity under the Eleventh Amendment. . § 16-123-104. Sovereign immunity not waived Nothing in this subchapter shall be construed to waive the sovereign immunity of the State of Arkansas. . We are not saying that every part of Daniel’s complaint is likewise a model of clarity. We are aware that the complaint states the following under COUNT II where she asserts a cause of action for retaliation under the Arkansas Civil Rights Act, Arkansas Code Annotated section 16 — 123—108(a) and under the Arkansas Whistle-Blower Act, Arkansas Code Annotated section 21-1-603. Sandwiched between paragraph 35 where Daniel asserts that "Smith and the individual Defendants are sued individually” for the civil rights claims, and paragraph 38 where Daniel makes her Whistle-Blower claim is the somewhat enigmatic paragraph 37. That paragraph states: Plaintiff sues all Defendants both in their official capacities [sic] for injunctive relief. Plaintiff reported the abuse and neglect. Plaintiff was fired, designated non-rehirable and denied the grievance process, because of her report and because she was black. Where there is some ambiguity in a pleading, it is not proper to construe it in such a way as to create a barrier for a litigant to tty the case, particularly where the litigant has demonstrated elsewhere in the pleading a clear understanding of the capacity in which the defendants are being sued. . Individual claims against Smith were dismissed by the circuit court in the order that the appellants appeal from. There is no cross-appeal. We will therefore not consider the arguments that the appellants make specifically with regard to qualified immunity for Smith.