Robin F. Wynne, Justice, concurring.
I agree with the majority that this lawsuit is not barred by sovereign immunity. I further agree with the majority that the circuit court erred in its decision and that its order should be reversed and dismissed. I write separately to explain why I would not hold that sovereign immunity is a defense that was not preserved by appellant, but would instead hold that the state's sovereign immunity does not apply to this case.
The majority essentially holds that appellant waived the defense of sovereign immunity by failing to raise it below. The ink just dried on an opinion from this court *272 holding that a legislative waiver of sovereign immunity violates the Arkansas Constitution. Bd. of Trs. v. Andrews , 2018 Ark. 12, 535 S.W.3d 616. At its core, our decision in Andrews rests on the principle that the state's constitutional immunity cannot be waived, as no arm of the state has the authority to override a constitutional provision.[7] That authority lies exclusively with the citizenry through an amendment to the constitution. The sovereign immunity enshrined in our constitution belongs to the state; it does not belong to the director of the Department of Finance and Administration any more than it belongs to the legislature. To say, as the majority does, that a state agency may waive that immunity, even through inaction, is fundamentally inconsistent with the holding in Andrews. In my view, sovereign immunity is not a defense that can be waived; otherwise, the statute at issue in Andrews would have been constitutionally permitted as a waiver of that defense by the legislature.
Article 5, section 20 of the Arkansas Constitution provides that "the State of Arkansas shall never be made defendant in any of her courts." It is the duty of this court to determine the circumstances under which the state is made a defendant in a court action. Obviously, the bar applies when the state is named as a defendant. Additionally, we have held that when the state, though not a party of record, is the real party in interest so that a judgment for the plaintiff would operate to control the action of the state or subject the state to liability, the action is, in effect, one against the state and is prohibited by the constitutional bar. Ark. Pub. Def. Comm'n v. Burnett , 340 Ark. 233, 12 S.W.3d 191 (2000).
Here, the state is not named as a defendant. The question to be answered, then, is whether the state is the real party in interest, as defined by this court. I submit that it is not. It is true that appellee seeks a refund of taxes remitted to the Department of Finance and Administration. But this alone does not submit the state to liability under the circumstances of this case. Appellee paid the disputed tax amount under protest. At that point, appellee was officially on notice that the state's entitlement to the funds was in dispute. This court recognized that a suit to recover taxes paid under protest is not barred by sovereign immunity in McCain v. Crossett Lumber Co. , 206 Ark. 51, 174 S.W.2d 114 (1943). In that case, this court held that a suit seeking a refund of unemployment compensation taxes paid under protest was not a suit against the state because the money never became part of the state's funds, but were held in trust or escrow until the dispute was resolved.
*273 Although in McCain there was an agreement between the parties to hold the disputed funds in trust that is absent from the record in this case, the fundamental concept remains the same. Tax assessments paid under protest cannot legally be made part of the state's treasury pending a determination that the state is entitled to the funds, as the collector of the funds is placed on notice at the time the funds are remitted that the state's entitlement to the funds is contested. For these reasons, I believe that the state's sovereign immunity does not apply to this lawsuit.

This court has stated previously that sovereign immunity, unlike subject-matter jurisdiction, may be waived. See, e.g., Grine v. Bd. of Trs. , 338 Ark. 791, 2 S.W.3d 54 (1999). But it is important to note that the line of cases so stating largely arose after our decisions in Ark. Dep't of Fin. & Admin. v. Staton , 325 Ark. 341, 942 S.W.2d 804 (1996) and Ark. Dep't of Fin. & Admin. v. Tedder , 326 Ark. 495, 932 S.W.2d 755 (1996). In Staton , Tedder , Grine , and related cases, this court simply recognized the existence of the waivers of immunity enacted by the legislature. The constitutionality of those waivers was not challenged prior to Andrews. To the extent those decisions can be said to have permitted a waiver of the state's immunity, they were overruled by Andrews . In addition to legislative waivers, this court recognized two other instances in which it stated sovereign immunity could be "waived," where the state is the moving party seeking affirmative relief and where the state agency is acting illegally or if a state agency officer refuses to do a purely ministerial action required by statute. See Smith v. Daniel , 2014 Ark. 519, 452 S.W.3d 575. These two instances are, in truth, not waivers; instead, they are instances in which the state's immunity does not apply.