ROBIN F. WYNNE, Associate Justice
Dennis Milligan, as Arkansas Treasurer of State, has filed an interlocutory appeal from an order of the Pulaski County Circuit Court denying his motion to dismiss a claim under the Arkansas Whistle-Blower *655 Act (AWBA) as barred by the state's sovereign immunity. This court's jurisdiction arises under Rule 2(a)(10) of the Arkansas Rule of Appellate Procedure-Civil (2017). Because the complaint is barred by the state's sovereign immunity, we reverse the order denying the motion to dismiss and dismiss the complaint.
David Singer, who had worked as the assistant for legislative affairs and communications in the treasurer's office prior to his termination, filed a defamation suit against Jim Harris, Milligan's chief of staff in 2015. Singer subsequently filed a supplemental complaint that added Milligan as a defendant in his individual and official capacities, added new claims, and sought monetary damages. Because the supplemental complaint raised issues of federal law, Milligan successfully moved to have the case removed to federal court.
While the case in federal court was pending, Singer filed another complaint in the Pulaski County Circuit Court seeking relief for defamatory statements and alleging a violation of the AWBA. The complaint named Milligan and Harris individually and in their official capacities. The complaint alleged that Harris had made defamatory statements about Singer with Milligan's approval, and that Singer was terminated after he reported concerns about misuse of public funds and violations of campaign laws. Milligan answered the complaint and alleged that the complaint was barred by sovereign immunity.
In June 2017, Singer filed a second amended complaint alleging a violation of the AWBA. The only defendant named in the complaint was Milligan in his official capacity. In the complaint, Singer sought lost wages, front pay or reinstatement, lost earnings, attorney's fees, and costs. Milligan filed a motion to dismiss the second amended complaint. In the motion, Milligan alleged that the complaint was barred by sovereign immunity and that it failed to state a claim for relief and was subject to dismissal under Rule 12(b)(6) of the Arkansas Rules of Civil Procedure. The trial court entered an order finding that the complaint was not barred by sovereign immunity and denying the motion to dismiss. This interlocutory appeal followed.
Article 5, § 20 of the Arkansas Constitution provides that the "State of Arkansas shall never be made defendant in any of her courts." Whether a party is immune from suit is purely a question of law and is reviewed de novo. City of Little Rock v. Yang , 2017 Ark. 18, 509 S.W.3d 632.
This court previously considered a motion to dismiss on grounds of sovereign immunity in a suit under the AWBA in Arkansas Community Correction v. Barnes , 2018 Ark. 122, 542 S.W.3d 841. In that case, Barnes had filed a suit alleging a violation of the AWBA. Arkansas Community Correction moved to dismiss, alleging that the complaint was barred by sovereign immunity. The motion to dismiss was denied. On appeal, this court reversed the order denying the motion to dismiss and dismissed the complaint, holding that the purported legislative waiver of the state's sovereign immunity in the AWBA is unconstitutional, pursuant to the holding in Board of Trustees v. Andrews , 2018 Ark. 12, 535 S.W.3d 616.
Singer asserts in his responsive brief that Milligan waived jurisdiction by admitting the trial court had jurisdiction over the subject matter and the parties in his answer to the initial complaint. However, Milligan asserted that the claim was barred by sovereign immunity in his motion to dismiss, which was his initial pleading after the second amended complaint was filed. His averments as to jurisdiction in his previous answers are of no moment *656 and, in any event, he raised the issue of sovereign immunity in those pleadings as well. Singer also argues that the governor waived sovereign immunity for the executive branch by signing the AWBA into law. The governor does not enact legislation. That is the function of the legislature, which we have expressly held cannot waive the state's immunity. The governor's signature does not act as evidence of agreement with the legislation; it is instead a fulfillment of the duties of office under our system of checks and balances. Singer's argument lacks merit.
Singer contends that Andrews and Barnes were wrongly decided because the provision in article 2, § 13 stating that "every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property, or character" takes precedence over article 5, § 20. In Bryant v. Arkansas State Highway Commission , 233 Ark. 41, 342 S.W.2d 415 (1961), this court considered an argument that article 5, § 20 must give way to article 2, § 13 and squarely rejected it:
The framers of the constitution certainly knew that instances of hardship would result from the prohibition of suits against the State, but they nevertheless elected to write that immunity into the constitution. The language is too plain to be misunderstood, and it is our duty to give effect to it. The appellants' argument, carried to its logical end, would completely destroy the State's immunity from suit, for it could be argued in every case that to exempt the State from a coercive proceeding would be to deny the plaintiff a certain remedy for an injury he had supposedly suffered.
233 Ark. at 44, 342 S.W.2d at 417
In recognition of the state's constitutional sovereign immunity, the legislature created the Arkansas State Claims Commission to provide a method by which claims against the state may be addressed while preserving the state's sovereign immunity. See Ark. Pub. Def. Comm'n v. Greene Cty. Cir. Ct. , 343 Ark. 49, 32 S.W.3d 470 (2000). Singer admits that he can make a claim before the Commission, but he contends that this remedy is inadequate because the Commission has no authority to enjoin a party from engaging in acts that are ultra vires, in bad faith, or arbitrary. But Singer is seeking damages against Milligan, not injunctive relief, rendering his argument inapplicable here.
Finally, Singer contends that sovereign immunity does not apply because the State of Arkansas is not a named defendant. Singer sought damages against Milligan under the AWBA in a complaint that named Milligan solely in his official capacity. A suit against a state official in his or her official capacity is not a suit against that person; rather, it is a suit against that official's office. Short v. Westark Cmty. Coll. , 347 Ark. 497, 65 S.W.3d 440 (2002). As an award of damages in this case would subject the state to liability, the sovereign immunity granted to the state in the Arkansas Constitution applies.
Pursuant to our decision in Barnes , the legislature's attempt to waive that immunity in the AWBA is unconstitutional. Further, none of Singer's arguments against the application of the holding in Andrews , and by extension Barnes , have merit. Accordingly, we reverse the order denying Milligan's motion to dismiss and dismiss the complaint. Because the complaint is barred by sovereign immunity, it is unnecessary to consider Milligan's alternate contention that the complaint fails to state a claim for relief.
Reversed and dismissed.
Baker and Hart, JJ., dissent.