Cite as 2020 Ark. 58

# SUPREME COURT OF ARKANSAS
No. CV-19-361

| | |
|---|---|
| | **Opinion Delivered:** February 6, 2020 |
| STEVE'S AUTO CENTER OF CONWAY, INC., AND STEVEN GAFNER<br><br>APPELLANTS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-16-5123] |
| V. | HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE |
| ARKANSAS STATE POLICE; DIRECTOR WILLIAM J. BRYANT, INDIVIDUALLY; AND CAPT. ALEX FINGER, INDIVIDUALLY<br><br>APPELLEES | AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

Appellants Steve's Auto Center of Conway, Inc., and Steven Gafner appeal from the Pulaski County Circuit Court's order granting the Arkansas State Police (ASP) summary judgment based on sovereign immunity. On appeal, appellants argue that the ASP policy prohibiting individuals with felony convictions from placement on the ASP Towing Rotation List is illegal, and therefore sovereign immunity does not bar their suit. We affirm.

ASP is required by law to "establish, maintain, and enforce a towing rotation list to assist in clearing highways of motor vehicles" involved in accidents or abandoned on state highways. Ark. Code Ann. § 12-8-106(a)(1)(B) (Supp. 2019). In 2004, ASP promulgated the Arkansas State Police Rules and Regulations for Towing Rotation List ("Rules") in accordance with the Administrative Procedure Act, Ark. Code Ann. §§ 25-15-201 et seq. (Repl. 2014 & Supp. 2019). Pursuant to these Rules, each ASP Troop must maintain a Towing Rotation List of

approved towing providers who may be contacted to tow a vehicle when the driver or owner of a disabled vehicle has no preference, is absent or incapacitated, or has been arrested. Rule 2.10 provides:

> Towing operators that respond to ASP calls shall not have a felony conviction; or a theft-related Misdemeanor within the last (3) three years. Prior convictions will be considered on a case-by-case basis. The Troop Commander shall have complete discretion when weighing the desire of the towing company to be placed on the list against public confidence in ASP's tow list.

130-00-009 Ark. Code R. 2.10 (Matthew & Bender 2004). In 2016, ASP began interpreting this Rule to bar operators with any felony conviction, not just convictions within the past three years, from placement on the Towing Rotation List.

Steve's Auto Center is a corporation licensed by the Arkansas Towing and Recovery Board to operate as a towing service in the state. Steven Gafner is an employee of Steve's Auto Center. In 1995, Gafner was convicted of two felonies: stalking and terroristic threatening. Sometime around 2004, Steve's Auto Center was placed on the Towing Rotation List for Faulkner County. In 2016, ASP suspended Steve's Auto Center from the Towing Rotation List for violating several Rules, including Rule 2.10. Steve's Auto Center appealed its suspension. Following an appeal hearing, ASP placed Steve's Auto Center back on the list but did not reinstate Gafner due to his felony convictions.

Appellants filed suit for injunctive and declaratory relief against ASP, ASP Director William Bryant in his individual capacity, and Troop Commander Alex Finger in his individual capacity, alleging violations of article 2, section 2 of the Arkansas Constitution and Ark. Code Ann. § 17-1-103. After the defendants moved to dismiss the complaint, appellants filed an amended complaint. The defendants then moved to dismiss the amended complaint, arguing in part that sovereign immunity barred the suit. The circuit court dismissed the claims against

2

Bryant and Finger. Following discovery, the circuit court granted ASP's subsequent motion for summary judgment on the grounds of sovereign immunity. This appeal followed.

We have held that in an appeal from a decision granting summary judgment, where the circuit court makes no substantive interpretations of law but bases its decision on whether the pleadings state sufficient facts for an exception to sovereign immunity, we apply the abuse-of-discretion standard of review. *Smith v. Daniel*, 2014 Ark. 519, at 5, 452 S.W.3d 575, 578; *see also Lenard v. Kelley*, 2017 Ark. 186, at 6, 519 S.W.3d 682, 688. We review issues of statutory interpretation de novo. *City of Ft. Smith v. Carter*, 372 Ark. 93, 95, 270 S.W.3d 822, 824 (2008). Whether a party is immune from suit is purely a question of law that we review de novo. *Milligan v. Singer*, 2019 Ark. 177, at 3, 574 S.W.3d 653, 655. Here, because the circuit court interpreted Ark. Code Ann. § 17-1-103 in reaching its decision, our review is de novo.

Summary judgment is appropriate when it is clear there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Smith*, 2014 Ark. 519, at 10, 452 S.W.3d at 581. On review, we determine if summary judgment was appropriate by considering whether the evidence presented by the moving party in support of the motion leaves a material question of fact unanswered. *Id*. We view the evidence in a light most favorable to the nonmoving party, resolving all doubts and inferences against the moving party. *Id*.

Appellants' sole point on appeal is that sovereign immunity does not bar their suit because ASP is acting illegally. Article 5, section 20 of the Arkansas Constitution provides that "[t]he State of Arkansas shall never be made defendant in any of her courts." A suit against the state is barred by the doctrine of sovereign immunity if judgment for the plaintiff will operate to control the action of the state or subject it to liability. *Ark. Oil & Gas Comm'n v. Hurd*, 2018

Ark. 397, at 8, 564 S.W.3d 248, 253. The doctrine of sovereign immunity extends to state agencies. *Ark. Dep't of Cmty. Corr. v. City of Pine Bluff*, 2013 Ark. 36, at 3, 425 S.W.3d 731, 733. Sovereign immunity does not bar suits seeking to enjoin state-agency actions that are illegal, unconstitutional, or ultra vires. *Martin v. Haas*, 2018 Ark. 283, at 7–8, 556 S.W.3d 509, 514–15.

According to appellants, Rule 2.10 violates Ark. Code Ann. § 17-1-103 (Repl. 2018), which provides in relevant part:

> (a)(1) It is the policy of the State of Arkansas to encourage and contribute to the rehabilitation of criminal offenders and to assist them in the assumption of the responsibilities of citizenship.
>
> (2) The public is best protected when offenders are given the opportunity to secure employment or to engage in a meaningful trade, occupation, or profession.
>
> (b)(1)(A) Subject to the provisions of subdivision (b)(2) of this section in determining eligibility under this section, a board, commission, department, or an agency may take into consideration conviction of certain crimes that have not been annulled, expunged, or pardoned.
>
> (B) However, such convictions shall not operate as an automatic bar to registration, certification, or licensing for any trade, profession, or occupation.
>
> . . . .
>
> (c) The board, commission, department, or agency shall state explicitly in writing the reasons for a decision that prohibits the applicant from practicing the trade, occupation, or profession if the decision is based, in whole or in part, on conviction of felony.
>
> . . . .
>
> (f)(1) This section shall apply to any board, commission, department, agency, or any other body that deals in licensing or regulating a profession, trade, or occupation in the State of Arkansas.

Appellants contend that Rule 2.10's blanket exclusion of individuals with felony convictions

from the ASP Towing Rotation List violates the statutory prohibition on using criminal convictions as an automatic bar to registration, certification, or licensing for any trade, profession, or occupation.

We have held, however, that the statute does not give a person a right to a particular job. *Bolden v. Watt*, 290 Ark. 343, 347, 719 S.W.2d 428, 430 (1986). ASP argues that Ark. Code Ann. § 17-1-103 is not applicable to its administration of the Towing Rotation List because ASP does not regulate the occupation of towing; rather, ASP only regulates who is placed on a list to tow vehicles under certain limited circumstances. For Ark. Code Ann. § 17-1-103 to apply, appellants must show that ASP is a "board, commission, department, agency, or other body that deals in licensing or regulating" the profession, trade, or occupation of towing. Appellants must also show that ASP's administration of the Towing Rotation List constitutes "registration, certification, or licensing" for towing.

The basic rule of statutory construction is to give effect to the intent of the legislature. *Air Evac EMS, Inc. v. USAble Mut. Ins. Co.*, 2017 Ark. 368, at 4, 533 S.W.3d 572, 574. When the language of a statute is plain and unambiguous, this court determines legislative intent from the ordinary meaning of the language used. *Id.* In considering the meaning and effect of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Potter v. City of Tontitown*, 371 Ark. 200, 209, 264 S.W.3d 473, 480 (2007). We construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect must be given to every word in the statute if possible. *Id.* When a statute is ambiguous, we look to the legislative history of the statute and other factors, such as the language used and the subject matter involved. *Baptist Health v. Murphy*, 2010 Ark. 358, at 28, 373 S.W.3d 269, 288.

5

We first examine whether ASP is a "board, commission, department, agency, or other body that deals in licensing or regulating a profession, trade, or occupation" within the meaning of Ark. Code Ann. § 17-1-103(f)(1). The parties do not dispute that ASP is an agency of the state. Nor do they dispute that operating a tow truck is a profession, trade, or occupation. ASP is not involved in licensing towing operators; the Arkansas Towing and Recovery Board issues such licenses. The remaining question, then, is whether ASP "deals in . . . regulating" the occupation of towing. The word "deal" has multiple connotations: "To distribute (something)": "To transact business with (a person or entity)"; and "To conspire with (a person or entity)." *Black's Law Dictionary* 500 (11th ed. 2019). The first and third meanings are inapplicable here, but ASP could be considered an entity that transacts business with towing operators. The word "regulate" is defined as follows: "To control (an activity or process) esp. through the implementation of rules." *Black's Law Dictionary* 1538 (11th ed. 2019). ASP has implemented rules—the Rules and Regulations for Towing Rotation List—that control the activity of towing disabled or abandoned vehicles from state highways when the owner or driver has no preference, is absent or incapacitated, or has been arrested.

Because there is some ambiguity, we must look to other factors, including the subject matter involved. Title 17 of the Arkansas Code, "Professions, Occupations, and Businesses," includes statutes governing the licensing, registration, and certification of several trades, professions, and occupations. These statutes typically require payment of a licensing fee and prohibit persons from engaging in an occupation prior to receiving a license, registration, or certification. *See, e.g.*, Ark. Code Ann. §§ 17-12-301 et seq. (certification of certified public accountants); Ark. Code Ann. §§ 17-13-101 et seq. (licensing of agricultural consultants); Ark. Code Ann. §§ 17-16-101 et seq. (registration of athlete agents); Ark. Code Ann. §§ 17-28-301

et seq. (licensing of electricians); *and* Ark. Code Ann. §§ 17–31–301 et seq. (registration of foresters).

ASP does not issue a license, registration, or certification for the occupation of towing. ASP does not require payment of a fee to be placed on the Towing Rotation List. Placement on the Towing Rotation List is optional; a towing operator may engage in the occupation of towing without being placed on the list. A towing operator who is not on the list may tow vehicles from ASP sites at the request of a driver or an owner. In short, ASP can neither permit nor prohibit an individual from practicing the occupation of towing. We conclude that ASP does not deal in licensing or regulating the occupation of towing within the meaning of § 17–1–103(f)(1). Because the statute does not apply to ASP, Rule 2.10 does not violate § 17–1–103. Appellants thus fail to show ASP is acting illegally, and therefore they cannot overcome sovereign immunity.

Lastly, we briefly address two additional points raised by appellants. First, appellants make a passing reference to the allegation in their amended complaint that ASP violated their right to contract under article 2, section 2 of the Arkansas Constitution. Because they do not develop this argument or cite any supporting authority, we decline to address this point. Appellants also argue that they are entitled to a declaratory judgment on the validity of Rule 2.10 under Ark. Code Ann. § 25-15-207. But no declaratory relief is warranted because Ark. Code Ann. § 17–1–103 is inapplicable to ASP, and therefore Rule 2.10 is not invalid.

We conclude that Rule 2.10 does not violate Ark. Code Ann. § 17-1-103 because the statute does not apply to ASP's administration of the Towing Rotation List. Because appellants cannot demonstrate that the illegal-act exception applies, sovereign immunity bars their suit.

Affirmed.

BAKER, J., concurs.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent. Once again, a department of the State of Arkansas seeks to shield its activities from judicial review by asserting sovereign immunity. The complaint filed by Steve's Auto Center of Conway, Inc., and Steven Gafner alleged both constitutional and statutory violations by the Arkansas State Police after it removed the company from the towing list. Twenty-five years ago, Steven Gafner, an employee of Steve's Auto was convicted of two felonies. Sixteen years ago, Steve's Auto Center was placed on the State Police's towing rotation list. Twelve years later, Steve Gafner was removed from the rotation list because of those twenty-plus-year-old felony convictions.

The majority asserts that the State Police's administrative rule 2.10 is not "regulation" of the towing industry. This is error. The majority acknowledges that in accordance with Arkansas Code Annotated section 12-8-106(a)(1)(B), "ASP is required by law to 'establish, maintain, and enforce a towing rotation list to assist in clearing highways of motor vehicles' involved in accidents or abandoned on state highways." Yet, inexplicably, the majority fails to see that this statutory duty constitutes *regulation* of towing vehicles on state highways. "Regulation" is defined as "[c]ontrol over something by rule or restriction." *Black's Law Dictionary* 1475 (10th ed. 2014). By the plain wording of the statute, the Arkansas State Police "controls" the list of towing companies to be called in a particular situation so that these towing companies may be fairly selected. Importantly, nothing in section 12-8-106 gives the State Police authority to approve or disapprove the providers who are placed on the list. The most extreme form of regulation is deciding who can engage in an activity and who cannot.

8

Furthermore, the majority's conclusion that the State Police have not violated section 17-1-103 is based on patently flawed statutory construction. It cites what it describes as the "relevant" part of Arkansas Code Annotated section. § 17-1-103 (Repl. 2018) but fails to grasp the significance of the language it quotes. Specifically,

> (a)(1) It is the policy of the State of Arkansas to encourage and contribute to the rehabilitation of criminal offenders and to assist them in the assumption of the responsibilities of citizenship.

> (2) The public is best protected when offenders are given the opportunity to secure employment or to engage in a meaningful trade, occupation, or profession.

These subparagraphs tell us that section 17-1-103 is remedial legislation. Accordingly, the so-called "ambiguity" that bedevils the majority is resolved by the rule that remedial legislation must be liberally construed to accomplish its purpose. *See, e.g.*, *City of Fort Smith v. Wade*, 2019 Ark. 222, 578 S.W.3d 276. In this situation, our General Assembly has set the limits on an agency's authority to exclude felons from trades or employment. It does not give the State Police the authority to further restrict individuals with prior felony convictions from trades or employment. The executive branch has only the authority that is expressly granted by the constitution or a statute. *Hobbs v. Jones*, 2012 Ark. 293, 412 S.W.3d 844. Because our legislature has set the parameters of this state's policy regarding restriction of employment for convicted felons, the State Police has violated the separation of powers by its regulation. Ark. Const. art. 4, §§ 1, 2.

The majority is likewise on the wrong track when it states, "ASP does not issue a license, registration, or certification for the occupation of towing." The majority fails to appreciate that "registration" means "the act of recording or enrolling." *Black's Law Dictionary* 1474 (10th ed. 2014). The relief that appellant is seeking is to be *enrolled* on the State Police Towing Rotation

List.

In short, the Arkansas State Police, an agency of the executive branch, violates an act of the General Assembly through its adoption and execution of its administrative rule 2.10. Accordingly, this clearly violates the separation of powers. Ark. Const. art. 4, §§ 1, 2. This constitutional violation is patently unlawful and ultra vires. Sovereign immunity cannot shield the actions of the State Police. *Martin v. Haas*, 2018 Ark. 283, 556 S.W.3d 509. We should therefore reverse and remand this case for further proceedings.

I dissent.

*Robert A. Newcomb*, for appellant.

*Mary Claire McLaurin*, Arkansas State Police, for appellee.