Cite as 2020 Ark. 190

# SUPREME COURT OF ARKANSAS
No. CV-19-844

|  |  |
|---|---|
| ASA HUTCHINSON, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF ARKANSAS<br><br>APPELLANT<br><br>V.<br><br>RANDALL THOMAS MCARTY<br><br>APPELLEE | Opinion Delivered: May 14, 2020<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT<br>[NO. 60CV-19-3622]<br><br>HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br><br>REVERSED AND REMANDED. |

**JOHN DAN KEMP, Chief Justice**

Appellant Asa Hutchinson, in his official capacity as Governor of the State of Arkansas, appeals an order of the Pulaski County Circuit Court denying his motion to dismiss an action filed by appellee Randall Thomas McArty, an inmate in the Arkansas Department of Correction. On appeal, Hutchinson contends that McArty lacked standing to bring his claims and that he failed to plead sufficient facts to overcome the defenses of sovereign and legislative immunity. We have jurisdiction of this interlocutory appeal pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(10) (2019). We reverse the circuit court's ruling and remand for an order consistent with this opinion.

I. *Facts*

In 1993, McArty was convicted of the first-degree murder of Teresa Chamberlain and is serving a life sentence without parole. McArty was twenty-five years old when he committed the offense on July 31, 1992.

On June 4, 2019, McArty filed a complaint against Governor Asa Hutchinson, Attorney General Leslie Rutledge, State Representative Rebecca Petty, and every member of the Ninety-first General Assembly. In his complaint, McArty challenged the constitutionality of the Fair Sentencing of Minors Act of 2017 (FSMA). Act of March 20, 2017, No. 539, § 13, 2017 Ark. Acts 2622–25 (codified at Ark. Code Ann. § 16-93-621 (Supp. 2017) (amended 2019)).

On June 25, 2019, McArty amended his complaint to include only Hutchinson, Rutledge, Petty, and State Senator Missy Irvin as named defendants. In his amended complaint, McArty raised two claims. Under his first claim, he alleged that the FSMA

> denies me equal protection and due process of law, subjects me to cruel and unusual punishments, prohibited by the Arkansas Constitution, the United States Constitution[,] and violates the Americans with [D]isabilities Act, with its differential treatment between "Parole Eligibility" of a minor adjudicated as an adult with a life sentence and an adult with an intellectual functioning disability, and serving a life sentence for the conviction of a [C]lass Y [F]elony.

Specifically, McArty stated that "[t]he Honorable Asa Hutchinson, the Governor of the State of Arkansas signs [the FSMA] into law and it came into effect on 3-20-17." Under his second claim, McArty asserted that the FSMA

> discriminates against a class of the intellectually disabled, as myself, depriving me of life, liberty[,] and property, without due process of law and equal protection of law .

. . with its differential treatment between "Parole Eligibility" of a minor adjudicated as an adult and an adult with . . . an intellectual disability with a "Life Sentence" for the conviction of a Class Y Felony.

He specifically alleged, "The Honorable Asa Hutchinson, Governor of the State of Arkansas signed Act 539 of 2017 into law and it became effective on 3-20-2017." McArty sought a declaratory judgment finding the FSMA unconstitutional under the federal and Arkansas constitutions and violative of the Americans with Disabilities Act pursuant to 42 U.S.C. § 12132; an injunction prohibiting Hutchinson from discriminating against him by denying his parole eligibility; a ruling indicating his immediate eligibility for parole; and an award of attorney's fees and costs.

On August 6, 2019, Hutchinson and the other named defendants filed a motion to dismiss McArty's amended complaint. They argued that McArty lacked standing to challenge the statute because it has not been enforced against him, that the relief he sought would not redress the alleged injury, and that he failed to establish that he is an adult with an intellectual disability. Hutchinson claimed that he was entitled to sovereign and legislative immunity against McArty's claims.

On September 13, 2019, the circuit court entered an order granting the motion to dismiss without prejudice with respect to all defendants except Hutchinson in his official capacity. Hutchinson timely filed his notice of appeal.

II. *Standard of Review*

We apply an abuse-of-discretion standard of review. *Ark. Game & Fish Comm'n v. Heslep*, 2019 Ark. 226, at 5, 577 S.W.3d 1, 5. On reviewing the denial of the motion to

dismiss on sovereign-immunity grounds, we look to the pleadings, treating the facts alleged in the complaint as true and viewing them in the light most favorable to the party who filed the complaint. *Id.*, 577 S.W.3d at 5. For purposes of a motion to dismiss, we treat only the facts alleged in a complaint as true, but not a party's theories, speculation, or statutory interpretation. *Id.*, 577 S.W.3d at 5. Conclusory statements are not sufficient under the Arkansas Rules of Civil Procedure, which identify Arkansas as a fact-pleading state. *Kelley v. Johnson*, 2016 Ark. 268, at 19, 496 S.W.3d 346, 359.

### III. *Sovereign Immunity*

Hutchinson contends, as one of "three independently dispositive reasons" for reversal, that McArty's only allegation against him is that he signed into law the FSMA. He asserts that this executive action does not constitute an illegal-act exception to sovereign immunity because it is well within his purview as governor to sign legislation into law.

Article 5, section 20 of the Arkansas Constitution provides that the "State of Arkansas shall never be made defendant in any of her courts." A suit against the state is barred by the doctrine of sovereign immunity if judgment for the plaintiff will operate to control the action of the state or subject it to liability. *Ark. Oil & Gas Comm'n v. Hurd*, 2018 Ark. 397, at 8, 564 S.W.3d 248, 253. Sovereign immunity may be overcome when the state is the moving party seeking relief and when the state agency is acting illegally or if a state officer refuses to do a purely ministerial act required by statute. *Ark. State Med. Bd. v. Byers*, 2017 Ark. 213, at 3–4, 521 S.W.3d 459, 462. Whether a party is immune from suit is

4

purely a question of law and is reviewed de novo. *City of Little Rock v. Yang*, 2017 Ark. 18, at 4, 509 S.W.3d 632, 635.

This court has stated that the governor does not enact legislation. *Milligan v. Singer*, 2019 Ark. 177, at 3, 574 S.W.3d 653, 656. That is the function of the legislature, and this court has expressly held that the legislature cannot waive the state's immunity. *Id.* at 4, 574 S.W.3d at 656. The governor's signature does not act as evidence of agreement with the legislation; it is instead a fulfillment of the duties of office under our system of checks and balances. *Id.*, 574 S.W.3d at 656. Further, in *Harris v. Hutchinson*, 2020 Ark. 3, at 7, 591 S.W.3d 778, 782, we concluded that Harris's claim—that the governor's signature waived sovereign immunity—had been considered and rejected by this court in *Milligan*. We held that the governor did not waive sovereign immunity by signing the Arkansas Whistle-Blower Act. *Id.* at 7, 591 S.W.3d at 782.

Here, viewing the facts in the light most favorable to McArty, he simply did not plead any facts that Hutchinson acted illegally or that Hutchinson refused to perform a purely ministerial action. Rather, Hutchinson merely fulfilled his duty as governor by signing the FSMA into law. As we explained in *Williams v. McCoy*, 2018 Ark. 17, at 3, 535 S.W.3d 266, 268, "[a] complaint alleging illegal and unconstitutional acts by the State as an exception to the sovereign immunity doctrine must comply with our fact-pleading rules." Thus, as a matter of law, we hold that the circuit court erred in ruling that McArty pleaded

5

sufficient facts to overcome Hutchinson's defense of sovereign immunity.[1] Accordingly, we reverse the circuit court's order denying Hutchinson's motion to dismiss and remand with instructions to dismiss the complaint. Because we hold that the complaint was barred by sovereign immunity on this basis, we do not consider the remaining arguments on appeal.

Reversed and remanded.

BAKER, J., concurs.

HUDSON, HART, and WOMACK, JJ., dissent.

**KAREN R. BAKER, Justice, concurring.** I agree with the majority's disposition in this case, however, I write separately because I cannot agree with the majority's holding that "[a] complaint alleging illegal and unconstitutional acts by the State as an exception to the sovereign immunity doctrine must comply with our fact-pleading rules." In *Board of Trustees of University of Arkansas v. Andrews*, 2018 Ark. 12, at 5, 535 S.W.3d 616, 619, the majority explained, "Article 5, section 20 of the Arkansas Constitution provides that [t]he State of Arkansas shall never be made defendant in any of her courts. Sovereign immunity is jurisdictional immunity from suit, and jurisdiction must be determined entirely from the

---

[1]The dissent correctly states that the defense of sovereign immunity is inapplicable in a lawsuit seeking only declaratory and injunctive relief and alleging an illegal, unconstitutional, or ultra vires act. *Martin v. Haas*, 2018 Ark. 283, at 7–8, 556 S.W.3d 509, 514–15. However, this does not end our inquiry. *Williams*, 2018 Ark. 17, at 3, 535 S.W.3d at 268. Here, McArty's complaint lacked sufficient facts to establish how the only remaining defendant, Hutchinson in his official capacity, violated McArty's constitutional rights by signing the FSMA into law. Because McArty failed to substantiate the conclusory allegation that Hutchinson violated his constitutional rights, we conclude that McArty failed to plead sufficient facts that, even if taken as true, entitled him to declaratory and injunctive relief.

pleadings. *See LandsnPulaski, LLC v. Ark. Dep't of Corr.*, 372 Ark. 40, 269 S.W.3d 793 (2007); *Clowers v. Lassiter*, 363 Ark. 241, 213 S.W.3d 6 (2005); *Ark. Tech Univ. v. Link*, 341 Ark. 495, 17 S.W.3d 809 (2000)." Therefore, based on *Andrews*, the State cannot be sued under any circumstances. Therefore, I concur in the disposition of this case.

SHAWN A. WOMACK, **Justice, dissenting.** I respectfully dissent from the majority's opinion because it disregards our decision in *Martin v. Haas*, 2018 Ark. 283, 556 S.W.3d 509. I would affirm the circuit court's decision because sovereign immunity does not apply to McArty's request for declaratory and injunctive relief.

Governor Hutchinson contends that sovereign immunity bars this suit because it seeks to control the actions of the State of Arkansas and subjects the State to financial liability. But, McArty seeks a declaration of whether the Fair Sentencing of Minors Act ("FSMA") is constitutional as applied to him. If the Act is found unconstitutional in this as-applied challenge, McArty seeks an injunction requiring consideration for parole under the statute. Thus, to the extent it would control the actions of the State, an order in his favor would only be to require constitutional application of a state law. We have previously determined that sovereign immunity does not bar actions for declaratory or injunctive relief. *See Martin*, 2018 Ark. 283, at 8, 556 S.W.3d at 515 ("Because appellee has asserted that Act 633 violates qualified voters' constitutional right to vote and seeks declaratory and injunctive relief, not money damages, this action is not subject to the asserted sovereign-immunity defense."). The majority erroneously focuses on whether Governor Hutchinson waived sovereign immunity or committed an illegal act by signing

the FSMA.  He did neither.  McArty's claim is simply that the State's application of the Act violates his equal protection rights, just as the appellee in *Martin* alleged that Act 633 violated his constitutional rights to vote.

Though McArty seeks attorney's fees in this pro se matter, that request does not permit sovereign immunity to attach when it otherwise would not.  The issue of attorney's fees is collateral matter and has no bearing on the merits of the case.  *See, e.g.*, *Ellis v. Ark. State Highway Comm'n*, 2010 Ark. 196, 363 S.W.3d 321.  That said, even if he prevailed in this case, McArty would not be entitled to attorney's fees.

Because the circuit court did not err in denying the assertion of sovereign immunity below, I would affirm.

HUDSON and HART, JJ., join.

*Leslie Rutledge*, Att'y Gen., by:  *Brittany Edwards*, Ass't Att'y Gen., for appellant.

*Randall T. McArty*, pro se appellee.