Cite as 2021 Ark. App. 405

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-20-615

| | |
|---|---|
| AARON C. KEENEY AND LAURA J. KEENEY | **Opinion Delivered** October 27, 2021 |
| APPELLANTS | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-19-2537] |
| V. | |
| DAVID MCQUEEN AND TINA MCQUEEN | HONORABLE BRADLEY LEWIS KARREN, JUDGE |
| APPELLEES | REVERSED AND REMANDED |

## RAYMOND R. ABRAMSON, Judge

This is an appeal from a June 22, 2020 order granting appellees Tina and David McQueen's motion to dismiss the lawsuit filed by appellants Laura and Aaron Keeney. The McQueens and the Keeneys are neighbors, and the dispute arose after the McQueens placed a detached structure (the "Shed") on their lot in violation of the Bent Tree subdivision's "Declaration of Covenants, Conditions, Restrictions, Easements, Charges and Liens" (the "Covenants"). Provisions in the Covenants authorize the Bent Tree of Rogers Community Association (the "Association") to elect a board of directors (the "Board") and grants the Board authority to select and appoint a residential architectural review committee (the "RARC"). On appeal, the Keeneys argue that this case should be reversed and remanded for further adjudication on the issues of (1) the legitimacy of the Board and the RARC and

(2) the circuit court's jurisdiction to hear the case considering that the RARC's retroactive approval was meaningless. We reverse and remand.

The Keeneys and the McQueens are next-door neighbors in the Bent Tree subdivision in Rogers, Arkansas. There is no dispute that the Keeneys and the McQueens purchased their homes subject to the Covenants. In section 8.2, the Covenants state that the RARC must preapprove any "improvement of any kind or nature" which is "erected, placed or altered on any Residential Lot." As homeowners, the Keeneys and the McQueens are members of the Association, which the Covenants specify shall be a "non-profit" Arkansas corporation.

The dispute between the neighbors arose after the McQueens placed the Shed on their lot in July 2018; the McQueens have repeatedly admitted that they placed the Shed on their property without having obtained approval from the RARC. There is also no dispute as to the date the McQueens placed the Shed as well as its location and design. Because the McQueens have also admitted that placing the Shed without approval constitutes a "material violation" of the Covenants, the only disputed issues are (1) the circuit court's jurisdiction to hear the case and (2) the validity of the RARC's retroactive "approval" of the Shed.

After the McQueens filed an answer to the Keeneys' complaint, the McQueens filed a motion to dismiss. In the motion, they argued that the complaint should be dismissed pursuant to Arkansas Rule of Civil Procedure 12(h)(3) because the circuit court lacked subject-matter jurisdiction. Specifically, the McQueens argued that there was no justiciable issue before the court because the RARC had retroactively approved the Shed. In their

2

response, the Keeneys pointed out that at the time of the alleged, retroactive approval, the RARC was not properly formed, and without a legitimate RARC, any approval of the Shed was invalid.

The Keeneys filed an amended complaint that added specific allegations regarding the improper formation of the RARC. The McQueens filed their answer to the amended complaint and simultaneously renewed their motion to dismiss for lack of subject-matter jurisdiction. The McQueens argued that "[b]ecause the RARC has approved the existing shed and did so more than one year prior to this action being filed, there is no justiciable issue for this court to consider." The Keeneys argued that the RARC was never properly formed and that an illegitimate RARC could not grant valid approval under the Covenants. The circuit court granted the McQueens motion to dismiss and held that "the RARC finding is binding on the parties to this dispute." This appeal is now properly before our court.

As a preliminary matter, it is well settled that when a circuit court considers matters outside the pleadings, appellate courts will treat a motion to dismiss as one for summary judgment. *See, e.g.*, *Bayird v. Floyd*, 2009 Ark. 455, 344 S.W.3d 80. Because it is clear to this court that the circuit court considered exhibits outside the pleadings in making its ruling, the 12(b)(6) dismissal by the court is converted to one for summary judgment. *Id.*

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *See, e.g.*, *Gentry v. Robinson*, 2009 Ark. 634, 361 S.W.3d 788. On appeal, this court determines if summary judgment was appropriate by deciding whether the evidentiary items presented by the moving party

in support of the motion leave a material fact unanswered. *Id.* This court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Summary judgment is not proper if the evidence reveals aspects from which inconsistent hypotheses might reasonably be drawn and reasonable minds might differ. *Id.*

On appeal, all evidence should be viewed in the light most favorable to the Keeneys, and any doubts should be resolved against the McQueens. That is, the Keeneys' factual allegations should be considered true, and our court should draw any reasonable inferences arising from those allegations. *See Smith v. Daniel*, 2014 Ark. 519, at 5, 452 S.W.3d 575, 578.

We agree with the Keeneys that because the validity and authority of the RARC are central issues in this case, the RARC's formation and actions are also central to this appeal. The Covenants authorize the Board to select, appoint and replace RARC committee members, and the Covenants also delineate the RARC's authority. Since the RARC is wholly created by the Board, the legitimacy of the Board is also significant to this case. As is routine, the Covenants dictate Board operations and authority. The Covenants require that there be an annual meeting "to deal with and vote on matters relating to the business of the Association . . . including the election of the [Board]." Board members are elected by the members of the Association to serve three-year terms. The Covenants also establish the notice and voting requirements for the annual meeting of the Association members.

However, the Association has failed to hold an annual meeting or elect any officers since at least 2008. As the Keeneys point out, "In other words, for more than ten years prior

4

to this dispute, there was no duly elected Board." By affidavit, Lora Bradford, a former board member, attested that "the current Board is not a properly formed body under the Covenants and is therefore powerless to appoint a RARC." She also attested that the current Board president had hand selected "new Board members without holding an association wide vote." The 2018 "Board meeting" minutes confirm that although their terms had expired, four Board members appointed themselves to another term without a member vote. The meeting minutes state: "Matt, Debi, Cheryl and Lora have expiring terms but have all agreed to stay on the board and serve another term." Significantly, these four individuals and a handful of others were the only members present at the meeting. There was no 2018 annual meeting and no Association-wide election of officers.

A competing affidavit was also filed and considered by the circuit court. Matthew Mahoney, the president of the Bent Tree subdivision attested that the Shed was not in violation of the Covenants. The Keeneys and the McQueens agreed that the Shed falls within the RARC's purview because it was an aesthetic issue, not an engineering one. In 2018, the Board formed the RARC specifically "to review the [McQueens'] existing 'shed' to determine compliance with the [Association] Covenants" and to determine if it would need to be removed. Subsequently, the questionably constituted RARC required the McQueens to modify the Shed and obtain the necessary city permits, but it then retroactively approved the Shed. The Keeneys, however, assert that the self-appointed Board was illegitimate and therefore lacked the authority to create an RARC. Accordingly, the Keeneys argued that an improperly created RARC could not approve—or retroactively

approve—the Shed. We agree that there is a genuine issue of material fact here. These two conflicting affidavits show that; accordingly, summary judgment was not proper.

The Keeneys met proof with proof and provided an affidavit as well as other evidence that the Board and consequently the RARC were not properly constituted in 2018 when the Shed was installed and subsequently "approved." Because a material issue—the legitimacy of the Board and the RARC—existed when the case was dismissed, we reverse the order and judgment entered below and remand this matter for further adjudication by the circuit court. *See Ford Motor Credit Co., LLC v. First Nat'l Bank of Crossett*, 2016 Ark. App. 408, at 17–18, 500 S.W.3d 188, 197.

Reversed and remanded.

GLADWIN and KLAPPENBACH, JJ., agree.

*Matthews, Campbell, Rhoads, McClure & Thompson, P.A.*, by: *Sarah L. Waddoups* and *Edwin N. McClure*, for appellants.

*Miller, Butler, Schneider, Pawlik & Rozzell, PLLC*, by: *George M. Rozzell IV*, for appellees.