SHAWN A. WOMACK, Associate Justice
Sharon Jones filed suit against Jimmy Banks, Warden of the Varner Unit of the Arkansas Department of Correction (ADC). Jones alleged she had been terminated *114 from her employment at the Varner Unit due to racial and gender discrimination. Banks moved for dismissal, arguing that he was entitled to immunity from suit. The circuit court denied that motion. We reverse and dismiss.
I.
Jones, an African American woman, worked at the Varner Unit until her termination in 2013. According to Jones, she was discharged under circumstances that similarly situated white or male employees were not and was thus subject to unlawful racial and gender discrimination. Jones points to other African American women who were terminated from ADC.[1] She discusses the circumstances leading up to their discharges at length. Yet the circumstances giving rise to her termination are conspicuously absent from the pleadings.
After her termination, Jones filed the underlying action against Banks in his official and individual capacity. She sought to hold Banks liable for alleged racial and gender discrimination under 42 U.S.C. § 1983 and the Arkansas Constitution. Jones alleged to seek only injunctive and declaratory relief from Banks in his official capacity. In her prayer for relief, she requested compensatory and punitive damages, reinstatement, and front pay.
Banks moved for judgment on the pleadings for failure to state a claim and alleged he was entitled to sovereign, qualified, and statutory immunity. The circuit court denied that motion. Jones subsequently filed an amended complaint. Banks moved for dismissal based on constitutional sovereign immunity, qualified immunity, and statutory immunity. The circuit court denied that motion, holding that Banks was not entitled to any form of immunity. This interlocutory appeal followed.
II.
An interlocutory appeal from an "order denying a motion to dismiss ... based on the defense of sovereign immunity or the immunity of a government official" is permissible under Arkansas Rule of Appellate Procedure-Civil 2(a)(10). See Ark. Cmty. Corr. v. Barnes , 2018 Ark. 122, at 2, 542 S.W.3d 841, 842. When reviewing the denial of the motion to dismiss under Rule 2(a)(10), we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. Williams v. McCoy , 2018 Ark. 17, at 2, 535 S.W.3d 266, 268. All reasonable inferences are resolved in favor of the complaint and the pleadings are liberally construed. Id. Because our rules require fact pleading, the complaint must state facts to entitle the pleader to relief. Id. Mere conclusions will not suffice. Id. We review a motion to dismiss for abuse of discretion. Id. But whether a party is immune from suit is purely a question of law and is reviewed de novo. Barnes , 2018 Ark. 122, at 2, 542 S.W.3d at 842.
III.
We turn first to the claims brought against Banks in his official capacity.
The Arkansas Constitution unequivocally provides that "[t]he State of Arkansas shall never be made defendant in any of her courts." Ark. Const. art. 5, § 20. We have extended sovereign immunity to state agencies and state employees sued in their official capacities.
*115 Williams , 2018 Ark. 17, at 3, 535 S.W.3d at 268. That is because a suit against a state official in their official capacity is not a suit against that person, but rather is a suit against that official's office. See Ark. Tech. Univ. v. Link , 341 Ark. 495, 502, 17 S.W.3d 809, 813 (2000). As such, it is no different than a suit against the State itself. See id.
In determining whether sovereign immunity applies, the decisive issue is whether a judgment for the plaintiff will operate to control the action of the State or subject it to liability. See id. If so, the suit is one against the State and is barred by the doctrine of sovereign immunity. Id. At the outset of her amended complaint, Jones alleges to seek only injunctive and declaratory relief against Banks in his official capacity. But the only form of equitable relief mentioned within Jones's prayer for relief is reinstatement. She also seeks monetary damages from Banks in his individual capacity and requests front pay.
Jones's claim for injunctive relief is unquestionably a legal claim against the State of Arkansas and therefore barred from this State's courts by sovereign immunity. See Grine v. Bd. of Trs. , 338 Ark. 791, 798, 2 S.W.3d 54, 59 (1999) ; see also Ark. Dep't of Envtl. Quality v. Al-Madhoun , 374 Ark. 28, 34, 285 S.W.3d 654, 659 (2008). Should Jones prevail on her official capacity claim, a judgment in her favor would clearly control the actions of ADC. Id. Because ADC is a state agency, Jones's claim against Banks in his official capacity as an ADC official is barred by Article 5, Section 20 of the Arkansas Constitution. See Fegans v. Norris , 351 Ark. 200, 206-207, 89 S.W.3d 919, 924 (2002).
That said, we have previously recognized an exception to the defense of sovereign immunity when the State is acting illegally, unconstitutionally, or ultra vires. See Ark. Lottery Comm'n v. Alpha Mktg. , 2013 Ark. 232, at 7, 428 S.W.3d 415, 420. A plaintiff seeking to surmount sovereign immunity under this exception is not exempt from complying with our fact pleading requirements. See Link , 341 Ark. at 504, 17 S.W.3d at 814-15. The complaint must provide facts sufficient to state a claim based on the alleged unconstitutional state action. See id. (internal citation omitted). In short, conclusory statements and bare allegations will not do. See Kelley v. Johnson , 2016 Ark. 268, at 19, 496 S.W.3d 346, 359.
Jones contends she has sufficiently pleaded facts stating an exception to the doctrine of sovereign immunity. We disagree. Even reading the allegations in the amended complaint in the light most favorable to Jones, it remains evident that her pleadings amount to bare conclusions. Indeed, the amended complaint fails to provide any factual allegations relating to Jones's termination, much less her racial and gender discrimination claims. Based on the pleadings, Jones cannot surmount sovereign immunity.
Accordingly, we reverse the circuit court's denial of Banks's motion to dismiss the claims in his official capacity.
IV.
Turning next to the individual capacity claims, Banks contends that statutory and qualified immunity bars Jones's action against him in his individual capacity. We agree.
State officials and employees are not granted the constitutional immunity accorded the State under Article 5, Section 20 of the Arkansas Constitution. See Grine , 338 Ark. at 799, 2 S.W.3d at 59. They are, however, afforded statutory immunity from civil liability and from suit for non-malicious acts made within the course and scope of their employment. See id. ;
*116 Ark. Code Ann. § 19-10-305(a) (Repl. 2016). When determining whether State employees and officers are entitled to statutory immunity, we have traditionally been guided by the standard used for qualified immunity claims in federal civil rights actions. See Ark. State Med. Bd. v. Byers , 2017 Ark. 213, at 5, 521 S.W.3d 459, 463. And thus, while statutory immunity granted by state law is not dispositive of a Section 1983 claim against state actors in their individual capacities, the same analysis is decisive here. Id. ; see also Robinson v. Langdon , 333 Ark. 662, 671, 970 S.W.2d 292, 296 (1998) (adopting United States Supreme Court's test for qualified immunity in Section 1983 actions).
Public officials are entitled to qualified immunity from damages under Section 1983 unless they transgress "clearly established statutory or constitutional rights of which a reasonable person would have known." Rainey v. Hartness , 339 Ark. 293, 299, 5 S.W.3d 410, 415 (1999) (quoting Wilson v. Layne , 526 U.S. 603, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999) ). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." Stanton v. Sims , 571 U.S. 3, 6, 134 S.Ct. 3, 187 L.Ed.2d 341 (2013) (per curiam) (internal quotations omitted). Banks is entitled to qualified immunity unless (1) the facts alleged, construed in a light most favorable to Jones, establish a violation of a constitutional or statutory right, and (2) the right was clearly established at the time of the alleged violation such that a reasonable official would have known that his actions were unlawful. See Pearson v. Callahan , 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Our analysis today begins-and ends-with this first prong.
Jones claims that she suffered employment discrimination on the basis of race and gender. Employment discrimination claims are analyzed through the tripartite burden-shifting framework of McDonnell Douglas Corp. v. Green , 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this familiar framework, the burden of persuasion never leaves the plaintiff, but there is a shift in the burden to come forward with evidence: (1) the plaintiff must present a prima facie case of discrimination consisting of four distinct elements; (2) the defendant must rebut the prima facie case by showing nondiscriminatory reasons for termination; and (3) the plaintiff must show the reasons are pretextual. See Flentje v. First Nat'l Bank of Wynne , 340 Ark. 563, 571, 11 S.W.3d 531, 537 (2000). This framework applies to Section 1983 claims. See Clegg v. Ark. Dep't of Corr. , 496 F.3d 922, 926 (8th Cir. 2007). To establish a prima facie case of employment discrimination, Jones must show: (1) that she is a member of a protected class; (2) that she met the legitimate expectations of her employer; (3) that she suffered an adverse employment action; and (4) that similarly situated employees who are not members of the protected class received different treatment. Id.
Jones failed to satisfy the first step of the McDonnell Douglas framework. She satisfied the first and third elements of an employment discrimination claim by alleging that she is a black female and was terminated from her employment. But her conclusory allegations fall short of satisfying the remaining two elements. The complaint offers the bare assertion that Jones "performed her job satisfactorily." But, there is no factual support for that contention. Moreover, the complaint fails to allege the circumstances leading up to Jones's termination. She identifies other African American female employees who were terminated after various actions and *117 white male employees who were not terminated after various actions. But Jones does not state what actions led up to her termination or how she is "similarly situated" to the white male employees. Whether individuals who receive different treatment are "similarly situated" is a threshold issue for determining whether an action is discriminatory. Here, Jones failed to state facts sufficient to make such a determination. Further, she has failed to show that Banks was the decisionmaker for the whites and males that she pointed to. See Fields v. Shelter Mut. Ins. Co. , 520 F.3d 859, 864 (8th Cir. 2008) (when different decisionmakers are involved, two decisions are rarely similarly situated in all relevant respects).
In the context of statutory immunity, Jones has failed to allege that Banks acted maliciously. For purposes of statutory immunity, we have defined malice as "an intent and disposition to do a wrongful act greatly injurious to another." See Byers , 2017 Ark. 213, at 6, 521 S.W.3d 459, 464 (internal quotations omitted). A bare allegation of willful and wanton conduct is insufficient to demonstrate malice. Id. Jones has failed to provide any factual allegations that Banks acted with malice towards her and, in addition to the reasons explained above, has failed to surmount Banks's statutory immunity.
In sum, Jones failed to state factual allegations that allege a deprivation of any constitutional right. Her conclusory and unsupported assertions simply will not suffice. Banks is thus entitled to qualified immunity against the Section 1983 claims and statutory immunity against the state law claims. The circuit court's decision otherwise was erroneous as a matter of law and we therefore reverse and dismiss this action.
Reversed and dismissed.
Baker, J., concurs.
Hart, J., concurs in part and dissents in part.

The women referenced filed similar suits against Banks in federal court. Those cases have all been dismissed under sovereign and qualified immunity and failure to state a claim. See Rucker v. Banks , No. 5:12-cv-00088, 2014 WL 527206 (E.D. Ark. Feb. 10, 2014) ; Nelson v. Banks , No. 4:15-cv-00065, 2016 WL 6900792 (E.D. Ark. Nov. 22, 2016) ; Nelson , supra , 2018 WL 4169036 (E.D. Ark. Aug. 30, 2018).