Cite as 2020 Ark. App. 133

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV–18–866

|  |  |
|---|---|
| HOWARD T. WOOD, JR.<br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>APPELLEE | **Opinion Delivered:** February 19, 2020<br><br>APPEAL FROM THE JEFFERSON<br>COUNTY CIRCUIT COURT<br>[NO. 35CV-18-456]<br><br>HONORABLE JODI RAINES<br>DENNIS, JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Howard Wood, Jr., an inmate incarcerated in the Arkansas Department of Correction (ADC), appeals the order of the Jefferson County Circuit Court dismissing his petition for declaratory judgment and writ of mandamus against appellee Wendy Kelley, director of ADC.  In this pro se appeal, Wood argues that the circuit court erred in finding (1) that his claim is barred by the doctrine of sovereign immunity and (2) that he failed to state a claim for relief pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure. We affirm.

On April 28, 2018, Wood filed a petition for declaratory judgment and writ of mandamus against Wendy Kelley, director of ADC, claiming that his institutional file contained inaccuracies regarding his mailing address, particularly as it relates to the dates he was housed at various correctional facilities.  In his petition, Wood asserted that he has a

"legal intrest [sic] whether or not his institutional file/inmate jacket contains the correct information, to include his correct unit of assignment and/or mailing address." He asked that the court "declare that he is correct" and claimed a "protected Due Process right to have erroneous information corrected in his institutional file." In response to Wood's petition, ADC moved to dismiss.

On September 4, 2018, the circuit court entered an order dismissing Wood's petition for declaratory judgment and writ of mandamus finding that (1) the petition failed to state a cause of action pursuant to Arkansas Rule of Civil Procedure 12(b)(6); (2) Kelley is entitled to dismissal based on sovereign immunity; and (3) the dismissal of his petition constitutes one "strike" pursuant to Arkansas Code Annotated section 16-68-607 (Repl. 2005). Wood now appeals from that order.

When reviewing a circuit court's order of dismissal, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff.[1] All reasonable inferences must be resolved in favor of the complaint, and all pleadings are to be liberally construed.[2] Under our fact-pleading requirement, the complaint must state facts, not mere conclusions, in order to entitle the pleader to relief.[3] Only facts alleged in the complaint are treated as true, not the plaintiff's theories, speculation, or statutory interpretation.[4] We

---

[1]*Smith v. May*, 2013 Ark. 248 (per curiam).

[2]*Banks v. Jones*, 2019 Ark. 204, 575 S.W.3d 111.

[3]*Id.*

[4]*Holloway v. Beebe*, 2013 Ark. 12 (per curiam).

review a motion to dismiss for abuse of discretion.[5]  But whether a party is immune from suit is purely a question of law and is reviewed de novo.[6]

Sovereign immunity is jurisdictional immunity from suit.[7]  This defense arises from the Arkansas Constitution, which provides that "[t]he State of Arkansas shall never be made a defendant in any of her courts."[8]  The doctrine of sovereign immunity has been extended to state agencies as well as state officials sued in their official capacities.[9]  Accordingly, sovereign immunity has been extended to claims against ADC employees sued in their official capacities.[10]  When the judgment would operate to control the action of the State or subject it to liability, the suit is one against the State and barred by the doctrine of sovereign immunity.[11]  Sovereign immunity not only bars recovery of monetary damages but also protects the State from suits seeking declaratory and injunctive relief.[12]

On appeal, Wood does not dispute that generally, as a state agency, ADC is entitled to sovereign immunity.  Instead he asserts that exceptions to the doctrine of sovereign

---

[5]*Banks*, *supra*.

[6]*Id.*

[7]*Short v. Westark Cmty. Coll.*, 347 Ark. 497, 65 S.W.3d 440 (2002).

[8]Ark. Const. art. 5, § 20.

[9]*Williams v. McCoy*, 2018 Ark. 17, 535 S.W.3d 266.

[10]*See Fegans v. Norris*, 351 Ark. 200, 89 S.W.3d 919 (2002) (per curiam).

[11]*Swanigan v. Ark. Dep't of Corr.*, 2014 Ark. 196.

[12]*Ark. Tech. Univ. v. Link*, 341 Ark. 495, 17 S.W.3d 809 (2000).

3

immunity apply in this case. Wood further argues, albeit vaguely, that his claims were brought against Wendy Kelley, not only in her official capacity as director of ADC, but also in her individual capacity.

Our supreme court has recognized three ways in which a claim of sovereign immunity may be overcome: (1) when the State is the moving party seeking specific relief; (2) when an act of the legislature has created a specific waiver of sovereign immunity; and (3) when the state agency is acting illegally or if a state-agency officer refuses to do a purely ministerial action required by statute.[13]

Wood first contends that ADC waived the right to claim sovereign immunity when it not only filed a motion to dismiss but also sought affirmative relief. When the State is the moving party seeking specific relief, it is prohibited from raising the defense of sovereign immunity as a defense to a counterclaim or offset.[14] Wood claims that ADC made a specific request for relief when it requested that the complaint be dismissed and counted as a strike pursuant to Arkansas Code Annotated section 16-68-607. A complaint alleging an exception to sovereign immunity is not exempt from our fact-pleading requirements.[15] Here, Wood's petition contained no mention of sovereign immunity or factual allegations to support his claim that an exception to sovereign immunity is applicable. Moreover, following ADC's motion to dismiss on sovereign immunity grounds, Wood failed to amend

---

[13]*Ark. Dep't of Cmty. Corr. v. City of Pine Bluff*, 2013 Ark. 36, 425 S.W.3d 731.

[14]*See LandsnPulaski, LLC v. Ark. Dep't of Corr.*, 372 Ark. 40, 269 S.W.3d 793 (2007).

[15]*Williams v. McCoy*, 2018 Ark. 17, 535 S.W.3d 266.

4

his complaint to plead the applicability of an exception. We are precluded from considering an issue raised for the first time on appeal.[16]

Next, although in his brief before this court Wood asserts that ADC waived sovereign immunity when it "refused to do purely a ministerial action and correct the Appellants [sic] institutional file/jacket and/or eomis," he failed to provide citation to legal authority discussing the significance of such a refusal. We have repeatedly declined to address arguments not supported by legal authority or convincing argument.[17] Additionally, we note that while Wood makes the "purely ministerial action" argument before this court, the complaint before the circuit court contained no such argument. Again, a complaint alleging an exception to sovereign immunity is not exempt from our fact-pleading requirements.[18] Therefore, while there are ways in which the doctrine of sovereign immunity may be surmounted, Wood's pleading below did not allege facts sufficient to do so.

Finally, we hold that Wood's complaint was brought against Kelley only in her official capacity. He did not state with specificity in his complaint that he also sought relief against Kelley in her individual capacity; nor did he seek to amend his petition to include Kelley in her individual capacity following the filing of ADC's motion to dismiss based on

---

[16] *Hooks v. Pratt*, 53 Ark. App. 161, 920 S.W.2d 24 (1996).

[17] *Boivin v. Hobbs*, 2011 Ark. 384 (per curiam).

[18] *Williams*, *supra*.

sovereign-immunity grounds. Upon careful review of Wood's petition, we find no evidence that the action was brought against Kelley in her individual capacity.

Because we find that Wood's claims are against Wendy Kelley in her official capacity as director of ADC and are consequently barred by sovereign immunity, and Wood failed to plead facts sufficient to support the finding of an exception, we need not address Wood's additional argument that the circuit court erred in finding that he failed to state a claim for relief.

Furthermore, appellant fails to make any argument on appeal regarding the circuit court's treatment of the dismissal as a strike pursuant to Arkansas Code Annotated section 16-68-607; therefore, we need not address the matter because it has been abandoned for appeal purposes.[19]

Affirmed.

ABRAMSON and GLADWIN, JJ., agree.

*Howard T. Wood, Jr.*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vincent P. France*, Ass't Att'y Gen., for appellee.

---

[19]*Hobbs v. Jones*, 2012 Ark. 293, 412 S.W.3d 844.