Cite as 2020 Ark. App. 255

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-19-337

| | |
|---|---|
| | **Opinion Delivered** April 22, 2020 |
| FREDA HOSTLER; KIMBERLY STEWARD; STEPHANIE MOTEN; AND EYLORNA BONES <br><br> APPELLANTS | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-12-727] |
| V. | HONORABLE DAVID N. LASER, JUDGE |
| NATHANIEL DENNISON, ANGELA NEWCOMB, CECILE BLUCHER, AND BECKY DUNAGIN, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES; AND ARKANSAS DEPARTMENT OF HUMAN SERVICES, DIVISION OF CHILDREN AND FAMILY SERVICES <br><br> APPELLEES | AFFIRMED IN PART; REVERSED AND REMANDED IN PART |

## N. MARK KLAPPENBACH, Judge

Freda Hostler, Kimberly Steward, Stephanie Moten, and Eylorna Bones appeal the

orders of the Jefferson County Circuit Court dismissing their claims as barred by the doctrine

of sovereign immunity. We affirm in part and reverse and remand in part.

Bones filed the original complaint in this matter in December 2012 against Nathaniel

Dennison and the Arkansas Department of Human Services Division of Children and Family

Services (DCFS). Bones alleged that she had been retaliated against in her employment in

violation of several state and federal laws. Five amended complaints were subsequently filed,

adding plaintiffs, defendants, and claims. The fifth amended complaint, operative here, was

filed in April 2015 by the aforementioned appellants against Dennison, Angela Newcomb,

Cecile Blucher, and Becky Dunagin, individually and in their official capacities, and against DCFS. The complaint alleged violations of the Family and Medical Leave Act, the Arkansas Whistle-Blower Act, the Arkansas Civil Rights Act, the Rehabilitation Act, the Americans with Disabilities Act, and Title VII of the Civil Rights Act of 1964. Appellants sought money damages and prayed for the reinstatement of Steward and the removal of retaliatory information.

Appellees moved to dismiss the complaint on several grounds, including that it was barred by the sovereign-immunity provision of the Arkansas Constitution. The circuit court granted the motion to dismiss ruling that all the claims against all the defendants were barred by the doctrine of sovereign immunity.

In reviewing a circuit court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Harris v. Hutchinson*, 2020 Ark. 3, 591 S.W.3d 778. We look only to the allegations in the complaint and not to matters outside the complaint. *Id.* We treat only the facts alleged in the complaint as true but not a plaintiff's theories, speculation, or statutory interpretation. *Id.* Whether a party is immune from suit is purely a question of law that we review de novo. *Id.*

Article 5, section 20 of the Arkansas Constitution provides that "[t]he State of Arkansas shall never be made defendant in any of her courts." A suit against the State is barred by the doctrine of sovereign immunity if judgment for the plaintiff will operate to control the action of the State or subject it to liability. *Steve's Auto Ctr. of Conway, Inc. v. Ark. State Police*, 2020 Ark. 58, 592 S.W.3d 695. The doctrine of sovereign immunity

extends to state agencies and state employees sued in their official capacities. *Banks v. Jones*, 2019 Ark. 204, 575 S.W.3d 111. That is because a suit against a state official in his or her official capacity is not a suit against that person but rather is a suit against that official's office. *Id*. As such, it is no different than a suit against the State itself. *Id*. However, sovereign immunity does not bar suits seeking only declaratory or injunctive relief and alleging an illegal, unconstitutional, or ultra vires act. *Harris*, *supra*.

Appellants first argue that sovereign immunity does not apply because they are seeking injunctive relief. They point to the complaint's prayer for relief, which states as follows:

> WHEREFORE, Plaintiff prays for a Judgment exceeding seventy-five thousand dollars, for an injunction requiring the removal of the retaliatory information, reinstatement of Steward, for a trial by jury, costs, reasonable attorney's fees, and all other proper relief.

Appellees contend that the prayer clause is the only mention of injunctive relief and that the complaint itself does not allege facts to support a claim for injunctive relief. Even if the complaint is seeking injunctive relief, appellees argue that it is still barred by sovereign immunity because the relief prayed for would control the action of the State. They cite *Arkansas Department of Environmental Quality v. Al-Madhoun*, 374 Ark. 28, 285 S.W.3d 654 (2008), in which the supreme court held that a request to redress a past injury by correcting public records clearly sought to control the actions of the state agency. Furthermore, in *Banks*, *supra*, the supreme court held that a claim seeking reinstatement would control the actions of the state agency and was barred. We agree that a judgment for appellants here would control the action of the State.

As noted above, sovereign immunity does not bar suits seeking to enjoin state-agency actions that are illegal, unconstitutional, or ultra vires. *Steve's*, *supra*. A plaintiff seeking to surmount sovereign immunity under this exception is not exempt from complying with our fact-pleading requirements. *Harris*, *supra*. The complaint must provide facts sufficient to state a claim based on the alleged unconstitutional State action; conclusory statements and bare allegations will not do. *Id.* Appellants recognize this exception to the general bar against suits against the State, but they do not attempt to argue that they have sufficiently pleaded facts to satisfy the exception. Appellants' brief does not discuss any of their claims in order to show that they have sufficiently pleaded facts to establish illegal or ultra vires actions. We have long held that we will not address arguments unless they are sufficiently developed and include citation to authority. *Wilson v. Pulaski Bank & Tr.*, 2011 Ark. App. 383, 383 S.W.3d 919. We do not make a party's argument for him or her. *Id.*

Appellants next argue that we should not apply the sovereign-immunity doctrine because article 5 of the Arkansas Constitution should yield to article 2's provisions regarding the right to a remedy and the "right to remonstrate." Appellants also argue that the doctrine is inapplicable because the State is not the only named defendant. Both of these exact arguments, however, were recently rejected by our supreme court in *Harris*, *supra*. Because appellants' arguments are indistinguishable from those made in *Harris*, we likewise reject them.[1] Therefore, we hold that sovereign immunity precludes appellants' claims against DCFS and the individual defendants in their official capacities.

---

[1]It appears to us that nearly the entirety of appellants' counsel's brief was simply copied and pasted from his briefs in other cases without proofreading or without even changing the designations of the parties. In some instances, he asks us to affirm when he

4

We do, however, find merit in appellants' arguments regarding their claims against the appellees in their individual capacities. In their individual capacities, the appellees do not enjoy the immunity granted to the State under article 5, section 20 of the Arkansas Constitution. *Harris*, *supra*. As in *Harris*, the appellees argued that they were entitled to statutory and qualified immunity as to the individual-capacity claims; however, the circuit court relied on sovereign immunity to dismiss all the claims. Accordingly, we reverse the dismissal of the individual-capacity claims and remand for further proceedings.

Affirmed in part; reversed and remanded in part.

ABRAMSON and MURPHY, JJ., agree.

*Sutter & Gillham, P.L.L.C.*, by: *Luther Oneal Sutter* and *Lucien Gillham*, for appellants.

*Leslie Rutledge*, Att'y Gen., by: *Robert T. James*, Ass't Att'y Gen., for appellees.

---

clearly means to reverse. This exhibits a lack of professionalism that we do not condone, and we instruct counsel to comply with our rules and standards should he consider filing future appeals.