Cite as 2021 Ark. App. 148

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CV-20-45

| | | |
|---|---|---|
| EDWARD MONK | APPELLANT | **Opinion Delivered:** April 7, 2021 |
| V. | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, TWELFTH DIVISION [NO. 60CV-18-1027] |
| ALVERNON ROGERS | APPELLEE | HONORABLE ALICE S. GRAY, JUDGE |
| | | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Edward Monk appeals the Pulaski County Circuit Court order dismissing his amended complaint against Alvernon Rogers with prejudice. We affirm the dismissal.

Monk is an auxiliary police officer with the White Hall Police Department. Rogers is the sergeant at arms at the Arkansas Senate. On April 23, 2019, Monk filed an amended civil complaint[1] against Rogers concerning an incident at the Arkansas State Capitol on February 23, 2017.[2] He alleged that on that date, Rogers made an inaccurate report about

---

[1]The court dismissed Monk's original complaint without prejudice.

[2]Even though the amended complaint does not so specify, Monk clarified at a hearing that he was suing Rogers in his individual capacity. *See Faughn v. Kennedy*, 2019 Ark. App. 570, at 4, 590 S.W.3d 188, 193 (applying the "course of proceedings" approach to determine whether a defendant has been sued in his individual or official capacity).

him to other state law enforcement officers. Monk asserted slander and conspiracy claims and causes of action under both the Arkansas Civil Rights Act and 42 U.S.C. sections 1983 and 1985.

The specific facts in the amended complaint[3] allege that on February 23, 2017, Rogers reported to state law enforcement officers that Monk had been at the capitol that morning, had become irate with Senator Stephanie Flowers, and had to be forcibly removed from the premises. Rogers also distributed Monk's photo and told the other officers to "be on the lookout" for him. The story circulated, and the White Hall police chief, Monk's employer, received notification of the allegations. In truth, Monk had not visited the capitol on February 23, 2017. He had sent Senator Flowers an email on February 21, 2017, requesting a meeting with her to discuss firearms legislation, and Senator Flowers reported the email to the capitol police due to a previous encounter with Monk at the capitol on February 4, 2013.

Monk attached the February 4, 2013 Arkansas State Capitol Police incident report to his complaint. The report states that on that morning, Senator Flowers contacted the capitol police concerning a meeting with Monk on proposed firearms legislation. Senator Flowers was concerned that their interaction "might get heated" because she opposed the legislation, but Monk, who favored the bill, had insisted on the meeting despite her assurances that it would likely become law. A capitol police officer stood outside Senator Flowers's office during her meeting with Monk, and Monk left the office without incident.

_____

[3]We note that the copy of the amended complaint in Monk's addendum is of low quality and difficult to read.

2

The report noted that Monk had presented himself as a White Hall police officer to the capitol police and had a gun on his hip but was dressed in civilian clothes.

Monk also attached a copy of his February 21 email to Senator Flowers. In the email, Monk requested a meeting with Senator Flowers concerning firearms legislation. The email includes the following handwritten note from Senator Flowers: "THIS IS [THE] MOST RECENT EMAIL. I FEEL THIS [IS] INTIMIDATING & HARASSING CONSIDERING THE HISTORY FROM 2013."

Monk alleged that Rogers's inaccurate report on February 23, 2017, caused damage to his reputation and well-being and chilled him from engaging in political speech with his elected representative and from visiting the Arkansas State Capitol. He sought compensatory, punitive, and nominal damages as well as attorney's fees.

On May 9, 2019, Rogers moved to dismiss Monk's complaint on the basis of qualified immunity, and on September 19, the court granted Rogers's motion and dismissed Monk's complaint with prejudice. This appeal followed.

When reviewing the circuit court's decision to grant a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *See Banks v. Jones*, 2019 Ark. 204, 575 S.W.3d 111. All reasonable inferences are resolved in favor of the complaint, and the pleadings are liberally construed. *Id*. Under our fact-pleading requirement, a complaint must state facts in order to entitle the pleader to relief. *Id*. Mere conclusions will not suffice. *Id*. We review a motion to dismiss for abuse of discretion. *Id*. But whether a party is immune from suit is purely a question of law and is reviewed de novo. *Harmon v. Payne*, 2020 Ark. 17, 592 S.W.3d 619.

On appeal, Monk first argues that the circuit court erred by finding that statutory immunity barred his state-law claims[4] because his complaint sufficiently alleges that Rogers acted with malicious intent.

State officials and employees are afforded statutory immunity from civil liability and from suit for nonmalicious acts made within the course and scope of their employment. *See Harmon*, 2020 Ark. 17, 592 S.W.3d 619; *Grine v. Bd. of Trs.*, 338 Ark. 791, 798, 2 S.W.3d 54, 59 (1999). Specifically, Arkansas Code Annotated section 19-10-305(a) (Repl. 2016) provides that "[o]fficers and employees of the State of Arkansas are immune from liability and from suit, except to the extent that they may be covered by liability insurance, for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment."

> In defining malice as it is used in section 19-10-305(a), the supreme court has stated,
>
> "It is true that in law malice is not necessarily personal hate. It is rather an intent and disposition to do a wrongful act greatly injurious to another." *Satterfield v. Rebsamen Ford, Inc.*, 253 Ark. 181, 185, 485 S.W.2d 192, 195 (1972); *see also Stine v. Sanders*, 66 Ark. App. 49, 987 S.W.2d 289 (1999). Malice is also defined as "the intentional doing of a wrongful act without just cause or excuse, with an intent to inflict an injury or under circumstances that the law will imply an evil intent . . . A conscious violation of the law . . . which operates to the prejudice of another person. A condition of the mind showing a heart . . . fatally bent on mischief." *Black's Law Dictionary*, 956–57 (6th ed. 1990).

*Ark. State Med. Bd. v. Byers*, 2017 Ark. 213, at 6, 521 S.W.3d 459, 463–64 (quoting *Fuqua v. Flowers*, 341 Ark. 901, 905–06, 20 S.W.3d 388, 391 (2000)). "[A] bare allegation of willful

---

[4]State-law claims include Monk's Arkansas Civil Rights Act claims and his common-law claims.

4

and wanton conduct will not suffice to prove malice." *Byers*, 2017 Ark. 213, at 7, 521 S.W.3d at 464 (citing *Simons v. Marshall*, 329 Ark. 447, 255 S.W.3d 838 (2007)).

In this case, we hold that the circuit court did not err in finding that Monk's state-law claims, including the slander and conspiracy claims, are barred by statutory immunity because Monk failed to plead sufficient facts to support the claim of malicious intent by Rogers. In viewing the allegations in the complaint in the light most favorable to Monk, Monk merely alleges that Rogers relayed an inaccurate report, but he offers no facts to establish that Rogers communicated the incident with the intent to inflict an injury on Monk. Monk asserts that the alleged facts—that Rogers knew about his emails to Senator Flowers and that he was aware of the February 2013 incident when he relayed the inaccurate information—establish malice. We disagree.[5] Those facts do not show a conscious violation of the law. Further, there are no facts establishing that Rogers knew Monk at the time of the inaccurate report. Accordingly, we find that the circuit court did not err in dismissing Monk's state-law claims on the basis of statutory immunity.

Monk next argues that the circuit court erred by dismissing his federal claims as barred by qualified immunity. He argues that he alleged facts demonstrating a violation of his clearly established right to send letters to his elected official.[6]

---

[5]Interestingly, Monk also alleges in his complaint that Rogers "never read or heard that Mr. Monk was in the capitol on the day in question" and that he "had no idea where [the] information originated."

[6]Statutory immunity granted by state law is not dispositive of federal claims against state actors in their individual capacities even if the claims are brought in state court. *See Banks*, 2019 Ark. 204, 575 S.W.3d 111; *Byers*, 2017 Ark. 213, 521 S.W.3d 459. Thus, we do not apply the malice requirement to Monk's federal claims, and we consider those claims separately.

Public officials are entitled to qualified immunity from damages under section 1983[7] unless they transgress "clearly established statutory or constitutional rights of which a reasonable person would have known." *Rainey v. Hartness*, 339 Ark. 293, 299, 5 S.W.3d 410, 415 (1999) (quoting *Wilson v. Layne*, 526 U.S. 603 (1999)). Accordingly, Rogers is entitled to qualified immunity unless (1) the facts alleged, construed in a light most favorable to Monk, establish a violation of a constitutional or statutory right, and (2) the right was clearly established at the time of the alleged violation such that a reasonable official would have known that his actions were unlawful. *Banks v. Jones*, 2019 Ark. 204, 575 S.W.3d 111 (citing *Pearson v. Callahan*, 555 U.S. 223 (2009)). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Stanton v. Sims*, 571 U.S. 3, 6 (2013) (per curiam) (internal quotations omitted).

In this case, we hold that the circuit court did not err in finding that Monk's federal claims are barred by qualified immunity. Assuming that Monk has a constitutional right to send letters to his elected officials, Monk has failed to allege facts that Rogers's conduct in communicating the inaccurate report deprived him of that right such that a reasonable person would have known that his actions were unlawful. No pled facts support an argument that he was plainly incompetent. Accordingly, we find that the circuit court did not err in dismissing Monk's federal claims as barred by qualified immunity. We therefore affirm the circuit court's dismissal of Monk's amended complaint with prejudice.

---

[7]Qualified immunity also applies to claims under 42 U.S.C. § 1985. *See Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017).

Affirmed.

BARRETT and VAUGHT, JJ., agree.

*King Law Group PLLC*, by: *W. Whitfield Hyman*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Maryna O. Jackson*, Ass't Att'y Gen., for appellee.