Cite as 2021 Ark. 213

# SUPREME COURT OF ARKANSAS

**No.** CV–21–36

| | |
|---|---|
| ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION, LARRY W. WALTHER, DIRECTOR; MARLA MCHUGHES, DARRYL HALL, AND MELONY TURNER, IN THEIR OFFICIAL CAPACITIES<br><br>APPELLANTS<br><br>V.<br><br>MARK LEWIS<br><br>APPELLEE | **Opinion Delivered:** November 12, 2021<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CV-20-1863]<br><br><br>HONORABLE DOUG MARTIN, JUDGE<br><br><br>REVERSED AND DISMISSED. |

**BARBARA W. WEBB, Justice**

This is an interlocutory appeal. Appellee Mark Lewis filed a complaint in the circuit court alleging that Appellants Arkansas Department of Finance and Administration (DFA), Larry W. Walther, Director; Marla McHughes, Darryl Hall, and Melony Turner, in their official capacities had terminated him in violation of public policy and without a name-clearing hearing. The circuit court denied the State's motion to dismiss on the grounds of sovereign immunity. We reverse the circuit court's ruling and dismiss the case below.

## I. *Facts*

Lewis was a hearing officer for the driver control division of DFA. One of his responsibilities for DFA involved the reinstatement of suspended driver's licenses for persons convicted of Driving While Intoxicated (DWI). *See generally* Ark. Code Ann. § 5–65–104 (Supp. 2021). One requirement for reinstatement of a driver's license after a DWI conviction is the attendance of a Victim Impact Panel (VIP). Ark. Code Ann. § 5–65–121(a).

A driver's license is not reinstated by DFA until a convicted person attends and completes this panel. *Id.*

During the COVID pandemic, all in-person VIP panels were suspended. DFA sent a memo to its employees instructing them that they may not accept VIP completion certificates for panels attended online. Lewis asked for guidance from his superiors about whether he could accept the online VIP forms but did not receive a response. When he saw that his supervisor, Darryl Hall, had begun accepting the online VIP forms, he began following the same procedure.

Lewis was involuntarily terminated for accepting online VIP completion forms. Between May 5, 2020, and June 26, 2020, Lewis "accepted many online MADD certificates and instructed licensee's [sic] to take the online victim Impact [sic] panel" and that "[t]his was a direct violation of Arkansas law, direct instructions from management and DFA's Legal Council [sic]." Lewis filed suit in the Washington County Circuit Court for wrongful termination and alleged a violation of his right to due process under the federal constitution for failure to provide a name-clearing hearing. DFA moved to dismiss on the grounds of sovereign immunity. The motion was denied. DFA timely appealed.

## II. *Standard of Review*

We review a motion to dismiss for an abuse of discretion. *Banks v. Jones*, 2019 Ark. 204, at 3, 575 S.W.3d 111, 114. Whether a party is immune from suit is purely a question of law and is reviewed de novo. *Id.* In reviewing a circuit court's decision on a motion to dismiss, this court treats the facts alleged in the complaint as true and views them in the light most favorable to the plaintiff. *Monsanto Co. v. Ark. State Plant Bd.*, 2019 Ark. 194, at 8, 576

2

S.W.3d 8, 13. We look only to the allegations in the complaint and not to matters outside the complaint. *Id*. In testing the sufficiency of a complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Id*. (citing *Fulton v. Beacon Nat'l Ins. Co.*, 2012 Ark. App. 320, at 8, 416 S.W.3d 759, 764).

III. *Sovereign Immunity*

Article 5, section 20 of the Arkansas Constitution provides that "[t]he State of Arkansas shall never be made defendant in any of her courts." We have extended sovereign immunity to state agencies and state employees sued in their official capacities. *Williams v. McCoy*, 2018 Ark. 17, at 3, 535 S.W.3d 266, 266. That is because a suit against a state official in his or her official capacity is not a suit against that person but rather is a suit against that official's office and is no different than a suit against the State itself. *Harris v. Hutchinson*, 2020 Ark. 3, at 4, 591 S.W.3d 778, 781 (citing *Banks v. Jones*, 2019 Ark. 204, 575 S.W.3d 111). In determining whether sovereign immunity applies, the decisive issue is whether a judgment for the plaintiff will operate to control the actions of the State or subject it to liability. *Id*. (citing *Ark. Tech. Univ. v. Link*, 341 Ark. 495, 17 S.W.3d 809 (2000)). If so, the suit is one against the State and is barred by the doctrine of sovereign immunity. *Id*.

That said, we have previously recognized that sovereign immunity is not implicated when the State is acting illegally, unconstitutionally, or ultra vires. *Banks*, 2019 Ark. 204, at 4, 591 S.W.3d at 115 (citing *Ark. Lottery Comm'n v. Alpha Mktg.*, 2013 Ark. 232, at 7, 428 S.W.3d 415, 420). A plaintiff seeking to surmount sovereign immunity is not exempt from complying with our fact–pleading requirements. *Id*. (citing *Link*, 341 Ark. at 504, 17 S.W.3d

3

at 814–15). The complaint must provide sufficient facts which indicate that the State is acting in a manner that entitles the pleader to one or more of the sovereign-immunity exceptions. *See id.* Conclusory statements and bare allegations about a claim entitling a party to a sovereign-immunity exception are insufficient. *Id.* (citing *Kelley v. Johnson*, 2016 Ark. 268, at 19, 496 S.W.3d 346, 359).

Construing the pleadings in the light most favorable to Lewis, he has failed to plead sufficient facts that assert an exception to the sovereign-immunity doctrine. Lewis argues that he was "merely fulfilling his duties as a [h]earing [o]fficer" by accepting the online VIP forms. Lewis further argues that he and other hearing officers were left without direction from DFA and that accepting the online VIP forms were acts done in service of the public interest. Finally, he claims that his supervisor was not terminated for doing the same thing and that DFA is now accepting the very VIP forms he did and for which he was terminated. None of these facts indicate that DFA acted illegally, unconstitutionally, or ultra vires.

While Lewis contends that this case involves a violation of public policy and concerns an at-will employment issue, we do not reach the merits of those arguments. Lewis's factual allegations are that his termination was against the State's public policy and that he was exercising a statutory right and complying with a statutory duty under Ark. Code Ann. § 5-65-104 by accepting the online VIP forms. Treating these allegations as true, they are not the types of factual allegations which indicate an exception to the sovereign-immunity doctrine.

Lewis also alleged that due process entitled him to a name-clearing hearing to preserve a liberty interest in his reputation. However, he failed to plead facts indicating that

4

his supervisor publicly made any false or defamatory statements about him. *See Correia v. Jones*, 943 F.3d 845, 848 (8th Cir. 2019); *Speer v. City of Wynne*, 276 F.3d 980, 984 (8th Cir. 2002); *see also Rush v. Perryman*, 579 F.3d 908, 912 (8th Cir. 2009). As alleged in the complaint, DFA's statements were private and not publicly disseminated. Therefore, Lewis failed to plead a liberty interest recoverable in a due-process claim.

Finally, although the circuit court found that Lewis was treated differently from his supervisor, he did not make an equal protection claim sufficient to surmount sovereign immunity. *See Ark. Dep't of Fin. & Admin. v. Carpenter Farms Med. Grp.*, 2020 Ark. 213, 601 S.W.3d 111. Accordingly, construing Lewis's allegations as true, he fails to plead facts which indicate that DFA acted illegally, unconstitutionally, or ultra vires. Thus, sovereign immunity bars these claims, and we reverse and dismiss.

Reversed and dismissed.

Special Justice CODY KEES joins.

KEMP, C.J., and BAKER and WOMACK, JJ., concur.

HUDSON, J., not participating.

**JOHN DAN KEMP, C.J., concurring.** I agree with the majority's conclusion that we must reverse and dismiss. But I write separately because the majority bases its conclusion on the exceptions to the doctrine of sovereign immunity. My analysis, however, begins with the doctrine itself. I respectfully concur.

Sovereign immunity arises from article 5, section 20 of the Arkansas Constitution, which provides, "The State of Arkansas shall never be made [a] defendant in any of her courts." This court has extended sovereign immunity to state agencies and state employees

5

sued in their official capacities. *Ark. Dep't of Human Servs. v. Fort Smith Sch. Dist.*, 2015 Ark. 81, at 6, 455 S.W.3d 294, 299. In determining whether the doctrine of sovereign immunity applies, the circuit court must decide whether a judgment for the plaintiff will operate to control the action of the State or subject it to liability. *Bd. of Trs. of Univ. of Ark. v. Burcham*, 2014 Ark. 61, at 3. On appeal, in reviewing the denial of a motion to dismiss, this court treats the facts alleged in the complaint as true and views them in the light most favorable to the party who filed the complaint. *Johnson v. Butler*, 2016 Ark. 253, at 5, 494 S.W.3d 412, 416. The standard of review for the denial of a motion to dismiss is whether the circuit court abused its discretion. *Ark. State Claims Comm'n v. Duit Constr. Co., Inc.*, 2014 Ark. 432, at 6, 445 S.W.3d 496, 501.

In *Banks v. Jones*, 2019 Ark. 204, 575 S.W.3d 111, this court addressed sovereign immunity in an agency-employment context. Banks, an employee of the Arkansas Department of Correction, filed suit against the warden, alleging constitutional violations for her termination from the agency, pursuant to 42 U.S.C. section 1983. *Id.* at 1, 575 S.W.3d at 114. The warden filed a motion to dismiss arguing that sovereign immunity barred the action. *Id.*, 575 S.W.3d at 114. The circuit court denied the motion and ruled that the state official was not entitled to sovereign immunity. *Id.* at 2, 575 S.W.3d at 114. This court reversed the circuit court's denial of the motion to dismiss and concluded:

> In determining whether sovereign immunity applies, the decisive issue is whether a judgment for the plaintiff will operate to control the action of the State or subject it to liability. . . . If so, the suit is one against the State and is barred by the doctrine of sovereign immunity. . . . At the outset of her amended complaint, Jones alleges to seek only injunctive and declaratory relief against Banks in his official capacity. But the only form of equitable relief mentioned within Jones's prayer for relief is reinstatement. She also seeks

6

monetary damages from Banks in his individual capacity and requests front pay.

> Jones's claim for injunctive relief is unquestionably a legal claim against the State of Arkansas and therefore barred from this State's courts by sovereign immunity. . . . Should Jones prevail on her official capacity claim, a judgment in her favor would clearly control the actions of ADC.

*Id*. at 3–4, 575 S.W.3d at 115 (citations omitted).

Similarly, in the case at bar, appellee Mark Lewis filed suit against appellants (collectively "DFA"), alleging (1) a violation of due process by denying him an administrative hearing and (2) wrongful termination in violation of public policy. In his prayer for relief, he specifically requested that the circuit court "declare and enter judgment against [DFA] for wrongful termination as specified in this [c]omplaint, for reinstatement, and award damages pursuant to 42 U.S.C.A. [section] 1983, including attorney[']s fees and costs[.]" In doing so, Lewis sought declaratory and monetary relief against DFA and its employees in their official capacities. On the basis of this court's holding in *Banks*, these claims are barred by sovereign immunity because they would control the actions of the State and subject it to liability.

Further, while taking the allegations as true—as this court is required to do in a motion to dismiss—Lewis fails to identify any fact that suggests DFA acted illegally or ultra vires by terminating his employment. Thus, in my view, Lewis failed to plead a sovereign-immunity exception. Accordingly, for the foregoing reasons, I would hold that sovereign immunity bars Lewis's action, and I would reverse and dismiss.

*Leslie Rutledge*, Att'y Gen., by: *Amanda D. Land*, Ass't Att'y Gen., for appellants.

*Taylor Law Partners, LLP*, by: *John J. Mikesch*, for appellee.