Cite as 2025 Ark. 34

# SUPREME COURT OF ARKANSAS

No. CV-24-712

|  |  |
|---|---|
| JONATHAN BRIZENDINE AND MELISSA BRIZENDINE | **Opinion Delivered**: April 10, 2025 |
| APPELLANTS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-23-4595] |
| V. | |
| DEPARTMENT OF HUMAN SERVICES OF THE STATE OF ARKANSAS; THE CHILD WELFARE AGENCY REVIEW BOARD; AVERY CARTER, IN HIS OFFICIAL CAPACITY AS PROGRAM ADMINISTRATOR FOR DIVISION OF CHILDREN AND FAMILY SERVICES; AND ARKANSAS GOVERNOR SARAH HUCKABEE SANDERS | HONORABLE LATONYA HONORABLE, JUDGE AFFIRMED. |
| APPELLEES | |

**BARBARA W. WEBB, Justice**

This matter involves the denial of appellants Jonathan and Melissa Brizendine's foster-parent application. At issue in the present appeal is whether sovereign immunity precludes appellants' lawsuit against the Arkansas Department of Human Services (DHS); the Child Welfare Agency Review Board; Avery Carter in his official capacity as Program Administrator for the Division of Children and Family Services, and Arkansas Governor Sarah Huckabee Sanders (collectively, "State appellees"). Appellants appeal from the circuit court's grant of motions to dismiss in favor of the State. We affirm.

In January 2022, appellants contacted DHS to begin the process of becoming foster parents. After appellants completed the application, a DHS employee conducted a home visit. During the home visit, appellants were asked numerous questions, including their religious affiliation, if any. Appellants answered that they were non-religious. The DHS employee noted the response and continued the interview. Following the visit, appellants were asked to provide additional information on Melissa's PTSD and medical-marijuana use. On May 19, 2022, DHS sent appellants a letter informing them that their foster-parent application had been denied.

Appellants filed a complaint on June 8, 2023, against State appellees seeking declaratory and injunctive relief. The complaint alleged that appellants' application was denied on the basis of their answers to questions regarding their religious preferences and pharmaceutical use. Specifically, appellants asserted that DHS denied their application because they are atheists and engage in medical-marijuana use. As such, appellants alleged DHS violated article 2, section 24 of the Arkansas Constitution, the Religious Freedom Restoration Act, Ark. Code Ann. §§ 16-123-401 et seq. (Repl. 2016 & Supp. 2023), and amendment 98 of the Arkansas Constitution, commonly known as the Arkansas Medical Marijuana Amendment of 2016.

State appellees moved to dismiss based on sovereign immunity, arguing that appellants failed to plead sufficient facts that the State's actions were illegal or unconstitutional. Following a hearing, the circuit court granted dismissal in favor of State appellees. It concluded that appellants' complaint failed to state a claim under Arkansas Rule

of Civil Procedure 12(b)(6) and that State appellees were entitled to sovereign immunity. This appeal followed.

When reviewing a circuit court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Ark. Dev. Fin. Auth. v. Wiley*, 2020 Ark. 395, 611 S.W.3d 493. We look only to the allegations in the complaint and not to matters outside the complaint. *Id*. We treat only the facts alleged in the complaint as true but not a plaintiff's theories, speculation, or statutory interpretation. *Ark. State Plant Bd. v. McCarty*, 2019 Ark. 214, 576 S.W.3d 473. Whether a party is immune from suit is purely a question of law that we review de novo. *Milligan v. Singer*, 2019 Ark. 177, 574 S.W.3d 653.

The defense of sovereign immunity is inapplicable in a lawsuit seeking only declaratory or injunctive relief and alleging an illegal, unconstitutional, or ultra vires act. *Hutchinson v. Armstrong*, 2022 Ark. 59, 640 S.W.3d 395. A plaintiff seeking to surmount sovereign immunity under this exception is not exempt from complying with our fact-pleading requirements. *Banks v. Jones*, 2019 Ark. 204, 575 S.W.3d 111. The complaint must provide facts to state a claim based on the alleged illegal, unconstitutional, or ultra vires state action, and short, conclusory statements and bare allegations will not do. *Id*.

Appellants contend they pleaded sufficient facts to surmount sovereign immunity. Their complaint alleged that they "were compelled to fill out a questionnaire about their religious preferences and pharmaceutical use" and that their "answers to the questionnaire provided by [DHS] had a prejudicial impact on [DHS]'s denial of their request to be foster parents."

Appellants' assertion that their foster-parent application was denied on the basis of their answers to questions regarding their religious preferences and medical-marijuana use is entirely speculative. Foster-parent applicants are required to answer many questions and provide ample personal information so that DHS may make an informed decision regarding the placement of children. Nothing aside from appellants' conclusory allegations suggests that DHS denied their application for the reasons they assert. Appellants' threadbare complaint fails to meet our fact-pleading requirements to establish an illegal, unconstitutional, or ultra vires act with respect to DHS, such that sovereign immunity would not apply. In addition, appellants' complaint did not plead any facts establishing the involvement of Governor Sanders or the Child Welfare Agency Review Board with the foster-parent application. Accordingly, the circuit court correctly found that State appellees were entitled to sovereign immunity.

Affirmed.

BAKER, C.J., and WOMACK, J., concur.

HUDSON, J., concurs in part and dissents in part.

**KAREN R. BAKER, Chief Justice, concurring.** I agree with the majority's disposition; however, I write separately for the reasons stated in my dissent in *Board of Trustees of the University of Arkansas v. Andrews*, 2018 Ark. 12, at 13, 535 S.W.3d 616, 624, and its progeny.

In the present case, the majority states that "[t]he defense of sovereign immunity is inapplicable in a lawsuit seeking only declaratory or injunctive relief and alleging an illegal, unconstitutional, or ultra vires act. A plaintiff seeking to surmount sovereign immunity

4

under this exception is not exempt from complying with our fact-pleading requirements." (Internal citations omitted.) On the basis of this reasoning, the majority concludes that "[a]ppellants' threadbare complaint fails to meet our fact-pleading requirements to establish an illegal, unconstitutional, or ultra vires act with respect to DHS, such that sovereign immunity would not apply. In addition, appellants' complaint did not plead any facts establishing the involvement of Governor Sanders or the Child Welfare Agency Review Board with the foster-parent application." However, this position conflicts with the broad language of *Andrews*. Article 5, section 20 of the Arkansas Constitution provides that "[t]he State of Arkansas shall never be made defendant in any of her courts." As explained by the majority in *Andrews*, "[w]e interpret this constitutional provision, 'The State of Arkansas shall never be made a defendant in any of her courts,' precisely as it reads." 2018 Ark. 12, at 10, 535 S.W.3d at 622. In other words, the majority held that "never means never," and *Andrews* did not identify exceptions, exemptions, or the like. *See Banks v. Jones*, 2019 Ark. 204, at 11, 575 S.W.3d 111, 118 (Baker, J., concurring); *see also Ark. Oil & Gas Comm'n v. Hurd*, 2018 Ark. 397, at 18, 564 S.W.3d 248, 258 (Baker, J., dissenting). Thus, until *Andrews* is overruled, suit against the State is barred.

Here, appellants filed a complaint against the Arkansas Department of Human Services, the Child Welfare Agency Review Board, Avery Carter in his official capacity as Program Administrator for the Division of Children and Family Services,[1] and Governor Sarah Huckabee Sanders, seeking to prohibit the reliance on an applicant's religious

---

[1]We have found that the doctrine of sovereign immunity includes state agencies and that a suit against a public official in his or her official capacity is essentially a suit against that official's agency. *Ark. State Med. Bd. v. Byers*, 2017 Ark. 213, at 3, 521 S.W.3d 459, 462.

preferences or medical-marijuana usage as a basis to deny a foster-family application. Because the named appellees are state actors, the present suit is barred by sovereign immunity. This is where my analysis would begin and end.

The majority's analysis in the present case echoes the analysis in *Banks v. Jones*, in which this court dismissed claims against Banks in his official capacity as the warden of the Varner Unit of the Arkansas Department of Correction based on sovereign immunity due to Jones's alleged failure to comply with our fact-pleading requirements. 2019 Ark. 204, 575 S.W.3d 111. Specifically, the majority reasoned that "[a] plaintiff seeking to surmount sovereign immunity [when the State acts illegally, unconstitutionally, or ultra vires] is not exempt from complying with our fact pleading requirements," and the allegations set forth in Jones's complaint were insufficient to surmount sovereign immunity because they amounted to bare conclusions. *Banks*, 2019 Ark. 204, at 4, 575 S.W.3d at 115 (internal citations omitted). However, as I explained in my concurrence, "based on *Andrews*, because the State may never be sued—there is jurisdictional immunity from suit—Jones's pleadings are inconsequential." *Banks*, 2019 Ark. 204, at 11, 575 S.W.3d at 118 (Baker, J., concurring). The same is true in the present case.

Accordingly, I must concur.

**SHAWN A. WOMACK, Justice, concurring.** The majority is correct to affirm the dismissal of Jonathan and Melissa Brizendine's lawsuit against the State because it is barred by sovereign immunity. But the majority does so for the wrong reasons. "Nowhere does the Arkansas Constitution contemplate an exception to sovereign immunity for unconstitutional, illegal, or ultra vires acts; a conclusion otherwise is purely this court's

attempt at crafting public policy for the State."[1]  The majority's focus on these extraconstitutional exceptions to sovereign immunity is error.  Instead, the circuit court should have simply dismissed the Brizendines' lawsuit pursuant to the plain text of Article 5, Section 20 of the Arkansas Constitution because there are no applicable express constitutional provisions that allow the underlying claims to be brought against the State.[2] Therefore, I respectfully concur.

**COURTNEY RAE HUDSON, Justice, concurring in part and dissenting in part.** I agree with the majority that dismissal was properly granted to the Child Welfare Agency Review Board and to the Governor. However, because the Brizendines sufficiently pleaded facts under Arkansas Rule of Civil Procedure 12(b)(6) to overcome dismissal for sovereign immunity, I respectfully dissent as to the Arkansas Department of Human Services and Avery Carter, in his official capacity (collectively, "DHS").

The style of the case in this verified complaint named the Board and the Governor. However, as the Board and the Governor correctly assert, there are no clear references to either of them in the body of the complaint, nor are there any facts in the complaint that even imply wrongdoing by either of those parties. This cannot meet our fact-pleading standard requiring "a statement in ordinary and concise language of facts showing that . . . the pleader is entitled to relief." Ark. R. Civ. P. 8(a); *Ark. Dev. Fin. Auth. v. Wiley*, 2020

---

[1] *Thurston v. League of Women Voters of Ark.*, 2022 Ark. 32, at 16, 639 S.W.3d 319, 327 (Womack, J., dissenting).

[2] *Id.* at 17, 639 S.W.3d at 327 (Womack, J., dissenting).

Ark. 395, at 5, 611 S.W.3d 493, 498. Accordingly, the circuit court correctly held that the Board and the Governor were entitled to sovereign immunity.

As to DHS, however, the complaint does plead sufficient facts. The Brizendines alleged that they applied to become foster/adoptive parents and employed the services of a non-profit organization called "Foster Love" to facilitate their application. They received a certificate of completion from that organization. The Brizendines meet all requirements to become foster parents in Arkansas. Nonetheless, DHS denied their application in a form letter with "Results of the In-Home Consultation Visit" marked as the reason for their denial. During the in-home visit, the Brizendines revealed that they have a religious belief that God does not exist. It is not "entirely speculative" to allege, on these facts, that DHS's denial of their application to become foster parents was based on their unpopular religious beliefs.

Taking all the facts in the complaint as true and viewing them in the light most favorable to the plaintiffs, I believe that the Brizendines have pleaded sufficient facts to state a claim of an illegal, unconstitutional, or ultra vires act by DHS. Accordingly, the circuit court was incorrect when it found that DHS was entitled to sovereign immunity.

For the reasons outlined above, I concur in part and dissent in part.

*Corbitt Law Firm, PLLC*, by: *Chris P Corbitt*, for appellants.

*Vincent P. France*, Deputy Chief Counsel, Arkansas Dep't of Human Servs., for appellee Arkansas Dep't of Human Services.

*Tim Griffin*, Att'y Gen., by: *Sean M. Rowland*, Ass't Att'y Gen., for appellees Governor Sarah Huckabee Sanders and the Child Welfare Agency Review Board.